IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARK ISAAC SNARR, #11093-81 | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv724 |
| | | CRIM. NO. 1:09-CR-00015(1) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Mark Isaac Snarr, a death row inmate confined at U.S.P. Terre Haute, initiated this post-conviction proceeding pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Petitioner was convicted of murder and sentenced to death on May 24, 2010. The Fifth Circuit affirmed the conviction. *United States v. Snarr*, 704 F.3d 368 (5th Cir. 2013). Petitioner filed a petition for a writ of certiorari, which is pending. The present cause of action was commenced by Petitioner filing a motion for appointment of counsel for proceedings pursuant to 28 U.S.C. § 2255. He asserted that a decision on his petition for a writ of certiorari is expected in the near future, and the motion was filed because the statute of limitations will start running when a decision is issued. The motion for appointment of counsel was granted.

A post-conviction proceeding is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas proceeding. *McFarland v. Scott*, 512 U.S. 849, 856-57 (1994). On the other hand, "a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988); *United States v. Hubbard*, 234 F. App'x 231, 232 (5th Cir. 2007). The present

1

proceeding was commenced prematurely because a challenge to Petitioner's conviction is still pending before the Supreme Court. The cause of action should be administratively closed. Petitioner may file a motion to place the case back on the active docket once the Supreme Court issues a decision and it becomes final or, preferably, when he is ready to file a § 2255 motion.

<u>Recommendation</u>

It is accordingly recommended that the above-styled § 2255 proceeding be administratively closed until such time as Petitioner asks the Court to return the case to the active docket.

<u>Objections</u>

Within fourteen (14) days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings of fact, conclusions of law and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this the 9th day of January, 2014.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE