**UNITED STATES DISTRICT COURT**    **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| MARK ISAAC SNARR, #11093-81, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:13cv724 |
| | § | CRIM. NO. 1:09-CR-00015(1) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER FOR MAINTENANCE AND PRESERVATION OF DOCUMENTS

Petitioner, Mark Isaac Snarr, has filed a motion asking the Court to issue orders to ensure the preservation of documents that are from, or are related to, Snarr's trial for capital murder (*USA v. Snarr*, 1:09-cr-015). (ECF 6).  Snarr's motion asks the Court to preserve the *status quo* by ordering the maintenance and preservation of all the documents described below, to the extent they exist and are held by the designated custodian.

### ORDER

Upon consideration of Petitioner's motion, the Court orders the following:

I. That the Clerk of the Court maintain and preserve all documents in the Clerk's custody or control that are from the above-referenced matter, whether pretrial, trial, or post-trial, including but not limited to the following:

a. All exhibits, demonstrative and otherwise, offered by either party at any point in the related capital murder proceedings, regardless whether the exhibit was admitted into evidence.

b. All audiotapes, stenotype tapes, notes, or other materials submitted to the court by the court reporter(s), regardless whether the proceeding was held in open court, *in camera*, or *ex parte*, and regardless whether the proceeding was transcribed.

c. Questionnaires from all prospective jurors, and photographs of all prospective jurors, regardless whether the individual was seated at trial as a juror.

d. All lists and notes identifying the individuals who were sworn and seated for any part of the trial, either as regular jurors or as alternate jurors.

e. All lists identifying the prospective jurors who were peremptorily struck by the United States, the prospective jurors who were peremptorily struck by counsel for Mr. Garcia, and the prospective jurors who were peremptorily struck by counsel for Mr. Snarr.

f. All transcripts of *ex parte* or *in camera* proceedings, and all exhibits, notes or other documents from such proceedings.

g. Any bench notes, other notes, and research memoranda prepared by the trial judge or her law clerks with respect to the trial or pretrial proceedings that are in the custody of the clerk of the court.

II. That the court reporter(s) who recorded any pretrial, trial, or post-trial proceedings related to Snarr's prosecution for capital murder, maintain and preserve all documents in their custody or control, including but not limited to the following:

a. The audiotapes and stenotype tapes of all recorded proceedings, whether in open court, *in camera*, or *ex parte*.

b. The transcripts of all recorded proceedings, whether in open court, *in camera*, or *ex parte*.

c. All notes taken by the reporter during any proceeding he or she attended, including but not limited to notes of statements made by the court or by counsel for any party.

III. That court personnel involved in the above-reference matter maintain and preserve all documents in their custody or control, including but not limited to the following:

a. All documents identified in above Sections I and II, regardless whether the clerk of the court or the court reporter(s) also may have copies of those documents.

b. Notes, minutes, reports, correspondence, or other documents made by the trial judge, the judge's law clerk(s), the judge's courtroom deputy, or other court personnel with respect to any *ex parte* or *in camera* proceedings, whether pretrial, trial, or post-trial regarding this matter.

c. All juror questionnaires, juror photographs, and documents identifying the jurors who were seated, the prospective jurors who were removed by peremptory strikes, and the name of the party who exercised each peremptory strike.

d. All documents relating to the defense budgeting and payment, including but not limited to the vouchers submitted by defense counsel, the back-up documentation for each voucher, the court's certification of each voucher, and defense counsel's requests for authorization to incur or to be reimbursed for expenses.