UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **MARK ISAAC SNARR,** § | |
| Petitioner § | |
| § | |
| v. § | CIVIL ACTION NO. 1:13-cv-724-MAC-KFG |
| § | CRIMINAL NO. 1:09-CR-00015(1) |
| **UNITED STATES OF AMERICA** § | |
| Respondent § | |

**UNOPPOSED MOTION TO SEAL MOTION FOR COLLATERAL RELIEF
PURSUANT TO 28 U.S.C. §2255 AND APPENDIX**

**I.  Motion to Seal**

Mark Isaac Snarr, through his undersigned counsel, respectfully moves the Court, pursuant to Local Rule CV-5(a)(7), to enter an Order directing the District Clerk to file his Motion for Collateral Relief Pursuant to 28 U.S.C. §2255, including all supporting exhibits and declarations in an Appendix, under seal. The government, through Assistant United States Attorney Joseph Batte, has stated that they have no objection to this motion.

**II.  Memorandum**

On February 20, 2015, Mark Isaac Snarr will file his motion for collateral relief pursuant to 28 U.S.C. § 2255, in which he will ask the court to grant him a new trial, to vacate the judgment entered against him, and/or to vacate, set aside or correct the sentence imposed upon him. In support of this motion, Mr. Snarr will file numerous exhibits and third-party declarations in an accompanying Appendix. A number of the declarations and exhibits lodged with Mr. Snarr's motion discuss information that is required by law or court order to be sealed from public access. Many of these presumptively-sealed exhibits are also incorporated into the text of Mr.

Snarr's motion. Significant considerations weigh in favor of sealing the entire 2255 motion, such as the fact that many exhibits filed in support of the motion must be sealed from public access and the high likelihood that individuals known to Mr. Snarr will rely on the motion and supporting documents for an improper purpose and to harm Mr. Snarr. For these reasons, and those discussed more fully herein, Mr. Snarr's entire motion and supporting exhibits and declarations contained in the Appendix, should be filed under seal and restricted from public access.

    A. **Federal Law And Court Order Requires Certain Exhibits Filed In Support of Mr. Snarr's 28 U.S.C §2255 Motion To Be Redacted And/Or Filed Under Seal**

        1. **Medical Records**

Exhibits to Mr. Snarr's motion under 28 U.S.C. § 2255 will include medical information and records of Mr. Snarr and his family members. For instance, the motion attaches and references psychological reports and mental health records of Mr. Snarr's family members. Information contained in these documents is considered private and confidential under federal law, including the Health Insurance Portability And Accountability Act ("HIPAA"), which protects the privacy of medical records. Mr. Snarr's counsel obtained these records through HIPAA-compliant releases from witnesses who expected limited use of their medical information. Under HIPAA, "the filing of a lawsuit does not waive the disclosure of confidential health information." *Palazzolo v. Mann,* 2009 U.S. Dist. LEXIS 22348, 2009 WL 728527 ( E.D. Mich. Mar. 19, 2009); *see also Woods v. Smith*, 2013 U.S. Dist. LEXIS 23647, 2013 WL 655731 (S.D. Tex. Feb. 20, 2013) (medical documents ordered sealed based upon confidentiality requirements of HIPAA). Thus, in order to protect these witnesses from breaches of their privacy, the records must be maintained under seal.  The Supreme Court has recognized that one type of privacy interest protected under the constitutional right to substantive due process is "the

individual interest in avoiding disclosure of personal matters." *Whalen v. Roe*, 429 U.S. 589, 599 (1977). Indeed, many Circuit Courts, including the Fifth Circuit, have explained that "the [Supreme] Court assumed that protection of the autonomy right could extend to decisions concerning medical care." *Plante v. Gonzales*, 575 F.2d 1119, 1131 (1978) (internal citations omitted); *see also Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 551 (9th Cir. 2004) ( "[i]ndividuals have a constitutionally protected interest in avoiding 'disclosure of personal matters,' including medical information."); *Barry v. City of New York*, 712 F.2d 1554, 1558 (1983) ("The cases sometimes characterized as protecting "privacy" have in fact involved at least two different kinds of interests. One is the individual interest in avoiding disclosure of personal matters. . .") (internal citations omitted). There is no necessity to make public the details of witnesses' medical records. Both the Court and the Respondent -- the only entities with a compelling right of access to such information -- will have access to this information. As such, there is no legitimate reason to permit the violation of the privacy interests of Mr. Snarr and his family members by the public disclosure of these records. Thus, these medical records, and the corresponding declarations discussing this sensitive and confidential information, should be sealed.[1]

2.  **Completed Jury Questionnaires**

Several of the questionnaires completed by jurors during jury selection are also included in Mr. Snarr's § 2255 motion. Some of the questions included on this form include information

---

[1] Simple redaction or sealing of these exhibits and declarations alone will not adequately address the privacy concerns raised by the potential disclosure of medical records, because in numerous instances the information contained in these documents has been incorporated into the text of Mr. Snarr's motion. Thus, any reference made to these confidential documents within Mr. Snarr's motion must also be protected from public disclosure. At a minimum, in light of the foregoing privacy concerns, these references should be redacted in the text of the document; however, given the frequency with which these and other confidential records are discussed throughout the motion, redaction is an impractical solution.

about whether the respondent was a victim of a crime, as well as information related to the juror's private religious beliefs. In responding honestly to these questions, many of the jurors disclosed sensitive and/or potentially embarrassing information. *See, e.g., United States v. Sampson*, 297 F.Supp.2d 340, 341 (Mass. 2003) (Juror questionnaire in capital case "require[d] the disclosure of detailed personal information that potential jurors may reasonably consider sensitive or embarrassing and, therefore, be reluctant to reveal."). The trial court recognized the possible discomfort each of the jurors faced in completing the questionnaire. In explaining to the jury the importance of their candor in responding to the jury questionnaire, the court assured the jury that their responses would be confidential: "Completed questionnaires will remain under seal and will be stored in the court's vault. They are not accessible to the public." (Voir Dire Tr. vol. 1, p. 35 April 6, 2010). In accordance with the court's order and the juror's expectations, the questionnaires and the petition's discussion of their contents, must be filed under seal. The juror photos are likewise attached and discussed in the petition, along with declarations from jurors, and this personal information should also remain confidential.

### 3. Bureau of Prisons Records

Various records created and maintained by the Bureau of Prisons were filed under seal in the trial which is the subject of this motion, and were provided pursuant to the terms of a strict protective order. Order, Dkt. No. 225 (March 15, 2010); *see* Tr. Status Conf. p. 89, 99 (March 4, 2010), Tr. Sel., p. 1153-54 (May 19, 2010). The restricted access to these records is based upon the fact that they contain confidential information concerning prison operations and prisoner conduct which could, if publicly revealed, result in security issues for the prison and safety issues for inmates. Information derived from these confidential sources is discussed throughout Mr. Snarr's motion. The confidential BOP records attached to and discussed in the motion

include incident reports, disciplinary hearing reports, psychological evaluations of prisoners, investigative reports regarding assaults, and discipline data.  In addition to these restricted records, the motion contains declarations from experts and inmates discussing and evaluating prison operations, public disclosure of which could present safety concerns.

      B.      **Good Cause Exists To Seal Mr. Snarr's Entire Motion**

In addition to the foregoing law requiring the sealing of certain exhibits filed in support of Mr. Snarr's 2255 motion, good cause exists to seal Mr. Snarr's entire motion. Although the court tends to favor openness and public access to judicial records and proceedings, the public's right of access to court documents and trials is not absolute. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598-99 (1978). As the Supreme Court articulated in *Nixon*: "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id*. at 598.

In assessing whether public access is appropriate, the trial court must evaluate the facts and circumstance of each case, and must carefully balance the public's right of access against the interests of non-disclosure. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) ("In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure."); *Nixon*, 435 U.S. at 599. Among the nondisclosure interests to be considered by the District Court "include the court's supervisory powers, the amount of benefit to the public from the incremental gain in knowledge that would result from hearing the tapes themselves, the degree of danger to the defendants or persons speaking on the tapes, the possibility of improper motives on the part of the media such as promoting public scandal or gratifying private spite, and any special circumstances in the particular case." *United States v. Beckham*, 789 F.2d 401, 409 (6th Cir. 1986).

As indicated above, many of the exhibits submitted in support of Mr. Snarr's motion must be filed under seal. In addition to these, the motion includes numerous declarations and exhibits which reveal personal details of horrific abuse and neglect, as well as instances of documented mental illness among Mr. Snarr's family members. The potential for improper use of this evidence, as well as the likely harm Mr. Snarr and his family members would endure, significantly outweigh any presumptive right of public access, and justifies filing this evidence under seal. *See United States v. Boyd*, No. 3:07-CR-3, 2008 WL 2437725, at *4 (E.D. Tenn. June 13, 2008) (private information of third parties in criminal case ordered sealed because "any remaining information on these records would provide very little, if any, benefit to the public, and may still be harmful to third parties").

Given the confidential nature of a significant body of documents and information which forms the basis for the claims raised throughout the motion, the entire document should be sealed. The motion itself refers to, quotes from, and contains significant information derived from all of these exhibits, including both the presumptively sealed and the highly personal. As such, the motion in its entirety should be filed under seal. Thus, good cause exists for this Court to order the sealing of Mr. Snarr's entire § 2255 motion and all supporting exhibits and declarations. Other recent § 2255 motions in death penalty cases have been filed under seal for similar reasons. *See Agofsky v. United States*, No. 1:07-CV-511; *Jackson v. United States*, No. 1:09-CV-1039.

### III. CONCLUSION

For the foregoing reasons, Mr. Snarr respectfully requests that this Court enter the

attached proposed Order directing the District Clerk to file Mr. Snarr's entire 28 U.S.C. § 2255 motion, including supporting exhibits in the Appendix, under seal.

DATED this 20th Day of February, 2015.

Respectfully Submitted,

*/s/ Kathryn N. Nester*
Attorney for Petitioner Snarr
Federal Public Defender
District of Utah
46 W. Broadway, Suite 110
Salt Lake City, UT 84101
(801) 524-4010
(801) 524-4060
Utah Bar #13967

Robert Lee – Lead Counsel
Executive Director
Virginia Capital Representation Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
(434) 817-2970
(434) 817-2972
Mississippi Bar #9474

## CERTIFICATE OF SERVICE

This is to certify that on this the 20th day of February, 2015, counsel of record have been served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and first class mail, on this the same date.

*/s/ Kathryn N. Nester*

## CERTIFICATE OF CONFERENCE

This is to certify that Kathryn N. Nester, Attorney for Petitioner, conferred with Assistant United States Attorney Joseph Batte, Attorney for the Government, and he has no opposition to this motion.

*/s/ Kathryn N. Nester*
