_____

|  |  |  |
|---|---|---|
| | § | |
| MARK ISAAC SNARR, | § | |
| Petitioner | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:13-cv-724-MAC-KFG |
| | § | CRIMINAL NO. 1:09-CR-00015(1) |
| UNITED STATES OF AMERICA | § | |
| Respondent | § | |

_____

## PETITIONER'S UNOPPOSED MOTION TO EXCEED PAGE LIMIT

Petitioner Mark Isaac Snarr, through his undersigned counsel, respectfully moves the court for leave to exceed the page limit established by local rule for motions filed pursuant to 28 U.S.C. § 2255. In support of this request, Mr. Snarr states the following:

1. Mr. Snarr is currently incarcerated in Terre Haute, Indiana, having been convicted and sentenced to death in this court. His motion to be filed under 28 U.S.C. § 2255 is due on February 24, 2015. Local Rule CV-3(b) requires that petitioner seek leave of court to file a petition which exceeds 100 pages.

2. Motions filed pursuant to 28 U.S.C. § 2255 must contain factual specificity. Rule 2 of the rules governing 28 U.S.C. § 2255 requires that such motions "specify all the grounds for relief available to the moving party" and include a summary of the facts supporting each ground and a statement of the relief requested.

3. The trial in Mr. Snarr's death penalty case took place over the course of 7 weeks, generating 6,328 pages of transcript. Counsel for Mr. Snarr have reviewed over thirty thousand pages of documents and conducted interviews with over 100 witnesses who could have been called to testify at trial. In addition, counsel have retained expert witnesses to evaluate evidence

uncovered during the investigation, generating reports which must be incorporated and discussed in the context of several claims. Counsel have uncovered and developed over twenty different grounds for relief.

4. Most of the claims to be included in the motion are highly factual in nature, alleging failure by trial counsel to call over 50 witnesses whose testimony must be described and discussed in the petition in order to adequately state the claim with specificity as required by Rule 2. As to each of these potential witnesses, the motion must recite specific facts and provide sufficient analysis to show that the witness was available, had relevant and significant evidence, and that Mr. Snarr was prejudiced by trial counsel's failure to investigate and present the evidence. *See Hill v. Lockhart*, 474 U.S. 52, 57-60 (1985) (general allegation of ineffective assistance insufficient; petitioner must allege specific facts establishing both unreasonable representation and prejudice); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements"); *Davis v. Butler*, 825 F.2d 892, 895 (5th Cir.1987) ("Given his lack of concrete allegations which would require an evidentiary hearing, we decline to consider this claim.); *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001) (petition was insufficient where petitioner failed to specify the witnesses or evidence which should have been presented at trial). These highly fact-intensive claims require significant analysis in the motion. The large number of such claims and the pleading requirements of the rules have necessitated the filing of a motion which exceeds the limit set by the court's rule.

4. The unusual number of these witnesses which have been uncovered, along with the large number of separate claims which must each be stated with specificity has resulted in a motion which is 208 pages in length. The government, through Assistant United States Attorney Joseph Batte, has stated that they have no objection to this motion.

Accordingly, Mr. Snarr respectfully requests that the court grant his motion for leave to exceed the page limit and authorize him to file an over-length motion of 208 pages.

DATED this 20th day of February, 2015.

Respectfully Submitted,

*/s/ Kathryn N. Nester_____*
Attorney for Petitioner Snarr
Federal Public Defender
District of Utah
46 W. Broadway, Suite 110
Salt Lake City, UT  84101
(801) 524-4010
(801) 524-4060
Utah Bar #13967


Robert Lee – Lead Counsel
Executive Director
Virginia Capital Representation Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA  22903
(434) 817-2970
(434) 817-2972
Mississippi Bar #9474


**CERTIFICATE OF SERVICE**

This is to certify that on this the 20th day of February, 2015, counsel of record have been served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and first class mail, on this the same date.

*/s/ Kathryn N. Nester*

**CERTIFICATE OF CONFERENCE**

This is to certify that Kathryn N. Nester, Attorney for Petitioner, conferred with Assistant United States Attorney Joseph Batte, Attorney for the Government, and he has no opposition to this motion.

*/s/ Kathryn N. Nester*