| | | |
|---|---|---|
| EDGAR BALTAZAR GARCIA | ) | |
| MARK ISSAC SNARR, | ) | |
| *Petitioner*, | ) | |
| | ) | CASE NO. 1:13-CV-723 |
| v. | ) | CASE NO. 1:13-CV-724 |
| | ) | CRIMINAL NO. 1:09-CR-15 |
| UNITED STATES OF AMERICA, | ) | |
| *Respondent*. | ) | |
| | ) | |

**PETITIONERS' UNOPPOSED
JOINT MOTION FOR 90-DAY EXTENSION OF TIME
FOR ALL FEDERAL RULE 15 AND REPLY DEADLINES**

**COME NOW** Petitioners, Edgar Baltazar Garcia and Mark Issac Snarr, by and through

their undersigned counsel, and hereby submit this joint motion for a 90-day extension of all

deadlines pursuant to Rule 15 of the Federal Rules of Civil Procedure and the Court's current

briefing schedule due to the global pandemic caused by coronavirus COVID-19. The government

does not oppose this motion. Support for the motion is stated herein.

1. The government's March 25, 2020 filings of its approximately 300-page Answers

have triggered for Mr. Garcia and Mr. Snarr a 21-day deadline for filing Rule 15(a)[1] amended

pleading (currently due April 15, 2020) and a May 29, 2020 deadline for filing replies.[2] Neither

petitioner can possibly meet these deadlines in any effective manner in light of the impact of the

current state of emergency and global pandemic.

---

[1] Federal Rule of Civil Procedure 15(a) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading"); *United States v. Zosimo Reyes Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) (Rule 15 applies in § 2255 proceedings).
[2] *See Garcia*, 13-723 Doc 105; *Snarr*, 13-724 Doc 80.

2.      This unopposed request for an extension of the deadlines established by Rule 15 and the Court's current scheduling orders is made to increase the chance in the changing and extraordinary circumstances that the parties are able to safely and effectively perform their representation in this death penalty case. The unopposed extension would mean that the current deadline for filing under Rule 15 (April 15) will be extended to July 14, 2020. The current deadline for filing a response to the government's Answer (May 29) will be extended to August 27, 2020.

**Conferencing statement**

3.      This motion has been conferenced with counsel for the government, AUSA Traci Kenner who has advised that the government does not oppose the 90-day extension of the Rule 15 deadlines and the date for filing as reply.   To be clear, by agreeing to this extension of time for filing an amended petition, the government does not in any way waive its right to object to any amendments under the relation back doctrine.

**Procedural history and current deadlines**

4.      Mr. Garcia and Mr. Snarr filed their 28 U.S.C.S. § 2255 motions in February, 2015.[3] This resulted in an initial May 2015 deadline for filing Answers on the part of the government.[4]

5.      Ultimately, the government's time to file Answers to the §2255 pleadings was extended to March 31, 2020.[5]

6.      On March 25, 2020, counsel for petitioners reached out to the government to propose a tolling of the briefing schedule due to unique restrictions imposed on counsel by health and governmental authorities in a national effort to reduce the impact of the spread of the

---

[3] *See Garcia*, 13-723 Doc 31; *Snarr*, 13-724 Doc 23.
[4] *See Garcia*, 13-723 Doc 31; *Snarr*, 13-724 Doc 32.
[5] *See Garcia*, 13-723 Doc 105; *Snarr*, 13-724 Doc 80.

coronavirus COVID-19. However, simultaneously, the government was in the process of filing its answer to the § 2255 motions filed by Mr. Garcia and Mr. Snarr.

7. On March 25, 2020, the government filed Answers approximately 300 pages in length and emailed copies to appointed counsel.

8. Pursuant to Rule 15(a), and as a matter of course, Mr. Garcia and Mr. Snarr have 21 days from service of the government's Answer to amend their § 2255 pleadings as a matter of course.[6]

**9.** Pursuant to this Court's scheduling order, Mr. Garcia and Mr. Snarr have until May 29, 2020 to file pleadings in reply to the government's Answers.[7]

**The current unprecedented state of emergency and global pandemic and recent developments prevent counsel from safely or effectively developing the amended petitions and replies within the current deadlines**

10. On March 25, 2020, President Trump declared that a major disaster exists in the State of Texas and authorized federal assistance to be sent to the State. In response, the Governor of Texas announced that "Texas is aggressively pursuing and implementing all necessary strategies to limit the impact of COVID-19." The President's and Governor's actions underline a series of increasingly devastating developments in what is the greatest public health emergency in over a century. It is valuable to place the current position of the petitioners and counsel in context:

   a. On January 13, 2020, the World Health Organization (WHO) confirmed the first case of the novel coronavirus (COVID-19) to be detected outside of China, reinforcing its calls for active monitoring and preparedness in other countries.

---

[6] Counsel acknowledge that depending upon its content, an amendment may need to satisfy Rule 15(c)'s relation back requirement but this is a separate question.
[7] *See Garcia*, 13-723 Doc 105; *Snarr*, 13-724 Doc 80.

b. On January 3, 2020, the WHO declared the COVID-19 outbreak a Public Health Emergency of International Concern.

c. On February 21, 2020, the WHO warned that the window of opportunity for containing the COVID-19 outbreak was "narrowing."

d. On March 4, 2020, the Governor of California (where counsel Nester resides) declared a state of emergency to help reduce the broader spread of COVID-19.[8]

e. On March 11, 2020, the WHO declared the outbreak of novel coronavirus (COVID-19) to be a pandemic.

f. On March 12, 2020, the Governor of Virginia (where counsel Lee resides) declared a state of emergency in response to the COVID-19 outbreak in Virginia.[9]

g. On March 13, 2020, the President of the United States declared a national state of emergency in response to the COVID-19 outbreak,[10] banning gatherings of more than ten people.

h. On March 18, 2020, the Surgeon General warned all Americans that each of us "should be acting as if we have the virus."[11]

i. On March 13, 2020, the Governor of Texas (where this Court is located, where counsel Hawkins resides, where Mr. Garcia and Snarr resided at the time of the offense and trial, and where Mr. Garcia resided prior to his incarceration) declared

---

[8] https://www.gov.ca.gov/2020/03/04/governor-newsom-declares-state-of-emergency-to-help-state-prepare-for-broader-spread-of-covid-19/
[9] https://www.governor.virginia.gov/newsroom/all-releases/2020/march/headline-853537-en.html
[10] https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/

[11] https://www.cnn.com/world/live-news/coronavirus-outbreak-03-18-20-intl-hnk/index.html.

a State of Disaster in all Texas counties.[12] On March 24, 2020 Dallas County, where counsel Hawkins resides, issued a stay-at-home order.[13]

j.  On March 13, 2020, the Governor of Louisiana (where counsel Lehmann resides) ordered the closure of all public schools. On March 20, 2020 the Mayor of New Orleans (where counsel Lehmann resides) issued an immediate stay at home mandate.   On March 22, 2020, the Governor of Louisiana issued a stay-at-home order for the whole of Louisiana.   On March 24, 2020, President Trump declared that a major disaster exists in the state of Louisiana.

k.  On March 19, 2020, the Governor of California (where counsel Nester resides) issued a stay-at-home order.

l.  On March 23, 2020, the Governor of Virginia (where counsel Lee resides) ordered the statewide closure of schools and non-essential businesses, directed professional businesses to proceed by tele-work, and banned gatherings of more than ten people.[14]  The City Council for Charlottesville (where counsel Lee resides) also has called for imposition of stay-at-home protocols.

m.  On March 13, 2020, the Federal Bureau of Prisons (BOP) suspended visitation with inmates in its custody, including legal visits, for thirty days.[15]  Indiana, where federal death row is located (and where Mr. Garcia and Mr. Snarr reside), is currently subject to a stay-at-home order.[16]

---

[12]     https://gov.texas.gov/news/post/governor-abbott-holds-press-conference-on-coronavirus-declares-state-of-disaster-for-all-texas-counties
[13]  https://www.dallascounty.org/government/comcrt/jenkins/covid-19.php
[14]  https://www.governor.virginia.gov/newsroom/all-releases/2020/march/headline-855292-en.html
[15]  https://www.bop.gov/resources/news/20200313_covid-19.jsp

[16]  https://www.in.gov/gov/3232.htm

n.  On March 29, 2020, President Trump announced the extension of previously announced federal social distancing guidelines for 30 days, until April 30, 2020.[17]

o.  On March 30, 2020, the Governor of Virginia (where counsel Lee resides) issued an executive "stay at home order" essentially requiring all individuals in Virginia to remain in their place of residence at all times; the order is in effect until June 10, 2020.[18]

p.  The rates of persons testing positive for the virus have been growing in Louisiana, Texas, Virginia, California, nationally and internationally, as has the rate of fatalities. This means not only that the number of people being infected by the disease and dying as a result of the infection is increasing, but that the number of infections and death is itself growing making infection and death more likely with each passing day.

11.  According to definitions from the Centers for Disease Control and Prevention (CDC) each of Snarr's appointed counsel is in what the CDC considers a COVID-19 high-risk category.[19]

12.  Following the advice of public health authorities and the advice and orders of state and federal government authorities, everyone engaged in the representation of Mr. Garcia or Mr. Snarr is currently subject to a stay-at-home order or an order requiring work only from remote locations, and with significantly reduced resources.

---

[17] https://www.cbsnews.com/news/coronavirus-pandemic-social-distancing-april-30-extend-covid-19/
[18]     https://www.governor.virginia.gov/media/governorvirginiagov/executive-actions/EO-55-Temporary-Stay-at-Home-Order-Due-to-Novel-Coronavirus-(COVID-19).pdf
[19]                    https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/high-risk-complications.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fhigh-risk%2Fhigh-risk-complications.html

13.	All four appointed counsel have children whose schools have been closed and who are in isolation at home with counsel. Three of appointed counsel have staff or family members who have been presumptively diagnosed or ordered to self-quarantine by medical experts due to exposure.

14.	On March 15, 2020, in an effort to slow the spread of the disease in the United States, the (CDC) published guidance recommending that

> …for the next 8 weeks, organizers (whether groups or individuals) cancel or postpone in-person events that consist of 50 people or more throughout the United States.   Events of any size should only be continued if they can be carried out with adherence to guidelines for protecting vulnerable populations, hand hygiene and social distancing.

CDC's Notice Regarding Public Gatherings.[20]  In a March 16, 2020, White House Press Briefing March 17, 2020, it was announced that gatherings of ten or more people should be avoided.[21]  The CDC recommends that older adults and persons of any age with chronic medical conditions postpone nonessential travel.[22]  As the White House announced on March 16, 2020, the WHO and CDC agree that the number of COVID-19 cases is far greater than currently reported because of testing and reporting delays, strict criteria for testing, and other considerations. Every report of infection numbers lags by several days. . The United States now has the most coronavirus cases in

---

[20]https://www.cdc.gov/coronavirus/2019-ncov/community/large-events/mass-gatherings-ready-for-covid-19.html
[21]		*See*		https://abcnews.go.com/Politics/white-house-issues-guidelines-stopping-spread-coronavirus/story?id=69627340.
[22]  https://www.cdc.gov/coronavirus/2019-ncov/travelers/index.html.

7

the world, having surpassed both China and Italy in recent days.[23]  The White House has projected that the U.S. death toll from the coronavirus will be between 100,000 and 240,000.[24]

15.    The virus has been described by world leaders and academics as a once-in-a-hundred year event[25] and the worst global health threat we have faced in a century.[26]  The UN Secretary-General Antonio Guterres said on March 31, 2020 that the coronavirus pandemic is the "greatest test" the world has faced since the United Nations was formed in the wake of World War II.[27]

16.    In normal circumstances, the filing of the government's answer would trigger certain responsibilities on Petitioners and their counsel.   Under the Court's scheduling orders, Petitioners' replies would be due May 29, 2020.[28]   Petitioner's right to amend as a matter of course has also been triggered by the filing of the government's answer.   Fed. R. Civ. Pro. 15. The statute of limitation for filing new claims for which impediments to raising previously have been removed or factual support for the claim could not have been discovered by the exercise of due diligence also would run during this period. 28 U.S.C. § 2255(f).   Each of these responsibilities imposes on counsel the likely need for investigation and consultation with the Petitioners.   Investigation in this case would necessitate travel and direct contact with witnesses, including a number of witnesses in the custody of the BOP. But travel for the purpose of

[23]                                     https://www.nytimes.com/interactive/2020/world/coronavirus-maps.html?action=click&module=Top%20Stories&pgtype=Homepage&action=click&module=Spotlight&pgtype=Homepage

[24]  https://www.cnn.com/2020/03/31/politics/trump-white-house-guidelines-coronavirus/index.html
[25]          https://www.reuters.com/article/us-health-coronavirus/stunned-world-grapples-with-once-in-100-year-coronavirus-battle-idUSKBN21522O.
[26]  https://www.cnn.com/videos/tv/2020/03/15/yuval-noah-harari-amanpour-cnn-coronavirus.cnn.
[27]  https://www.un.org/sites/un2.un.org/files/sg_report_socio-economic_impact_of_covid19.pdf
[28]  *See Garcia*, 13-723 Doc 105; *Snarr*, 13-724 Doc 80.

investigating Petitioners' cases runs contrary to directives and restrictions set out by every medical expert or advisor or political authority who has responded to the pandemic. Contact with Petitioners and all inmates in custody of the BOP and virtually every prison system in the country is currently prohibited. Social interaction with persons for non-essential purposes such as investigation in these proceedings has been discouraged in the strongest terms by medical experts, as well as public health and governmental authorities, and in some settings or between some populations is prohibited by law. Simply put, proceeding with this case as if circumstances were anything like normal, or in a manner that imposes standard duties, timelines, and responsibilities on counsel and Petitioner, would jeopardize the health and safety of all participants, their families and those with whom they interact.[29]

17. In current circumstances as well as in those anticipated in the weeks to come, Petitioners's counsel cannot conduct the investigation and interviews necessary for adequate responses to the government's answers. It would be irresponsible and unsafe—and in most cases contrary to legal restrictions—to ask counsel or investigators to attempt witness interviews contrary to the CDC's "social distancing" recommendations and instructions to limit interpersonal contact. Moreover, potential sources of assistance are further prohibited from contact due to high-risk status identified by the CDC. Extensive travel would be required of everyone who might be involved in investigating Petitioners' cases. An adequate defense investigation as contemplated by the Constitution, federal statutes and federal and professional standards of

---

[29] On March 16, 2020, this Court entered General Order 20-03 in response to the recent outbreak of the novel coronavirus throughout the United States as well as in the State of Texas. http://www.txed.uscourts.gov/sites/default/files/goFiles/GO%2020-03%20%20COVID-19_signed.pdf.
The Order was prompted by the Court's concern for the health of all persons involved in judicial proceedings. The Order continued currently-scheduled trial proceedings, directed counsel to seek relief from other court proceedings as they deem appropriate, and afforded presiding judges the "maximum discretion to handle their respective dockets . . . as they deem best considering the totality of the circumstances." *Id.*

practice cannot be conducted in the current national crisis.

18.    Furthermore, even the research and writing involved in preparing an amended petition or reply is heavily constrained.   All counsel are under stay-at-home or tele-work orders and working in vastly less efficient or well-resourced circumstances.   Counsel are unable to perform as many hours or as efficiently as might normally be expected.   Each counsel has extensive and immediate professional responsibilities in addition to the representations of Mr. Garcia and Mr. Snarr.

19.    Counsel Nester is the head of the Federal Defenders of San Diego, an office consisting of 140 individuals and over 60 attorneys.   Her office has the second largest caseload in the country.  Due to the COVID-19 virus and the orders of the Governor of California and the Chief District Judge for the Southern District of California, 95 percent of her office is working remotely and Ms. Nester is consumed by constant communication among the District Judges, Magistrate Judges, the U.S. Attorney, the U.S. Marshal, the leadership of U.S. Probation, the wardens and staff of the jail facilities, Clerk of Court, the national defender organization, her management team, her trial team supervisors, her staff, and her own two capital case teams.  Furthermore, due to being in a high-risk health category, Ms. Nester will not be able to travel to the office of the Federal Public Defender in Utah, where the thousands of documents in this case are located, until the CDC recommends it is safe to travel once again.

20.    Counsel Hawkins is the Federal Public Defender for the Northern District of Texas. He is managing a staff of 72 people stretching from Dallas to Amarillo, and is heavily occupied with the logistical arrangements involved in responding to the COVID-19 crisis, preserving the safety of his staff and managing migration of the judicial system in his jurisdiction to tele-work.

21.    All of counsel Lee's clients are people sentenced to death at various stages of

proceedings. In addition to managing office and staff and transition in this crisis, he is responsible for managing several teams representing death-sentenced clients at varying stages of proceedings in state and federal courts.

22.     Counsel Lehman is a Senior Capital Attorney responsible for managing multiple teams representing capital defense clients in trial proceedings as well as other stages of litigation.

23.     Petitioners cannot assist in their representation without the ability to meaningfully consult with counsel.     *See Ching v. Lewis*, 895 F.2d 608 (9th Cir. 1990) (holding that "a prisoner's right of access to the courts includes contact visitation with his counsel … the policy of denying a prisoner contact visits with his attorney prohibits effective attorney-client communication and unnecessarily abridges the prisoner's right to meaningful access to the courts."); *Dreher v. Sielaff*, 636 F.2d 1141 (7th Cir. 1980) ("an inmate's opportunity to confer with counsel is a particularly important constitutional right which the courts will not permit to be unnecessarily abridged"); *Bounds v. Smith*, 430 U.S. 817 (1977) (the Fourteenth Amendment guarantees meaningful access to courts); *Procunier v. Martinez*, 416 U.S. 396, 419 (1974) (overruled in part on other grounds) (substantial and unjustifiable burdens on the right of access to courts are invalid; "inmates must have a reasonable opportunity to seek and receive the assistance of attorneys.").

24.     On March 26, 2020, counsel for Snarr, 13-724 Doc 84, and co-defendant Edgar Garcia (13-723 Doc 115) filed Emergency Joint Motions to Suspend and Toll Federal Rule 15 and Reply Filing Deadlines in light of significant restrictions placed on counsel under states of emergency declared by the President of the United States and by Governors in each state in which appointed counsel reside, and related measures established by governmental and public health authorities, including social isolation and stay-at-home orders, in an effort to slow the spread of the global pandemic caused by the deadly coronavirus COVID-19.   In a two-day period following

this filing, the death toll for COVID-19 in the United States rose from about 1,000 persons to 2,046 persons, and at least 215 million Americans were under various stay at home or shelter in place orders. https://www.cnn.com/2020/03/29/health/us-coronavirus-wrap-sunday/index.html.

25. On March 30, 2020, Garcia counsel Christine Lehmann, already self-quarantined, was taken ill. She presented with apparent symptoms of COVID-19. She has further self-quarantined in a single room of her house to prevent the spread of the virus to her family (including her three young children) and community. She has been tested for COVID-19 by the National Guard currently stationed in New Orleans, but does not yet have the results of that test. Ms. Lehmann's current condition and more severe quarantine obviously further impair her ability to adequately complete the work required by the current deadlines, and to collaborate with others.

26. Also on March 30, 2020, the Governor of Virginia (where counsel Lee resides) issued an executive "stay at home order" essentially requiring all individuals in Virginia to remain in their place of residence at all times, with limited exceptions for basic needs like acquiring food and beverages, seeking medical attention, responding to reasonable fear for health or safety, or the direction of law enforcement; the order is in effect until June 10, 2020.[30] This order further impairs counsel Lee's ability to work on Snarr's representation in a timely or meaningful manner, including conducting any necessary investigation on Mr. Snarr's behalf.

27. On March 30, 2020, counsel for Snarr, 13-724 Doc 85, and Garcia, 13-723 Doc 116, filed supplements to their joint motions advising the Court of these developments.

**This is a capital case in which heightened concern for accuracy and procedural fairness is compelled**

---

[30] https://www.governor.virginia.gov/media/governorvirginiagov/executive-actions/EO-55-Temporary-Stay-at-Home-Order-Due-to-Novel-Coronavirus-(COVID-19).pdf

28. The Eighth Amendment requires a heightened need for reliability in the determination that a death sentence is the appropriate punishment in a specific case. *Caldwell v. Mississippi*, 472 U.S. 320, 323, 341 (1985); *Monge v. California*, 524 U.S. 721, 732 (1998) (Court has "recognized an acute need for reliability in capital sentencing proceedings").

29. This is a function of the qualitative difference between a death sentence and even the longest term of imprisonment, which requires a corresponding difference in the need for reliability in capital cases. *Lockett v. Ohio*, 438 U.S. 586, 603 (1978).

30. Capital proceedings must be policed at all stages by an "especially vigilant concern for procedural fairness and for the accuracy of factfinding." *Monge*, 524 U.S. at 732 (quoting *Strickland v. Washington*, 466 U.S. 668, 704 (1984) (Brennan, J., concurring in part and dissenting in part)).

31. Capital cases require heightened procedural protections and, by their nature, justify a departure from the courts' usual practice in non-capital cases. "Time and again the [Supreme] Court has condemned procedures in capital cases that might be completely acceptable in an ordinary case. *See, e. g.*, *Bullington v. Missouri*, 451 U.S. 430 (1981); *Beck v. Alabama*, 447 U.S. 625 (1980); *Green v. Georgia*, 442 U.S. 95 (1979) (*per curiam*); *Lockett v. Ohio*, 438 U.S. 586 (1978); *Gardner v. Florida*, 430 U.S. 349 (1977); *Woodson v. North Carolina*, 428 U.S. 280 (1976)"; *Barefoot v. Estelle*, 463 U.S. 880, 913-914 (1983) (Marshall J., dissenting).

32. Furthermore, "the qualitative difference of death from all other punishments requires a correspondingly greater degree of scrutiny of the capital sentencing determination." *Caldwell*, 472 U.S. at 329.

33. In light of the heightened concern for procedural fairness and adequate scrutiny of any legal claims in capital cases, the need to extend the current deadlines is all the more

overwhelming. The interests of the government will not be adversely impacted by extending these proceedings in this crisis; in fact, the government does not oppose this request and granting the request is consistent with all orders and recommendations of federal and state government and public health authorities.

**The Rule 15 and Reply filing deadlines should be extended by 90 days to preserve Petitioners' rights to safe and effective representation in these capital cases**

34. With the existing global pandemic and growing impact of COVID-19 in every jurisdiction involved in this case, Petitioners respectfully request that the filing deadlines under Rule 15 and this Court's scheduling order be extended for 90 days. During this period, no time will be counted against either party with regard to any deadline set by the court or the federal rules of civil procedure. Such action is equitable, and necessary to maintain Petitioners' rights to adequate representation and to maintain the integrity of these proceedings. It also is consistent with the duty of the Court and the parties to contribute to the protection of the health and safety of all involved in these proceedings as well as the public at large.

35. Given the unknowable future, the uncertain estimates of how long this global pandemic may last, and the known variables existing today preventing adequate progress in these proceedings, *e.g.*, no access to clients, an inability to conduct investigation, a daily escalation in the spread of the virus, including fatalities, and government-ordered restrictions on public activities, Petitioners respectfully suggests the proposed course is the only responsible course of action.

36. It may be that as the end of the 90-day extension period draws nearer the situation will have eased sufficiently to allow the deadlines to proceed in the regular course or it may be that an additional, measured, request will be needed if matters have not improved or perhaps even

deteriorated.

WHEREFORE, Mr. Garcia and Mr. Snarr ask this Court to enter the proposed order extending deadlines for all purposes, including deadlines set out by Rule 15 for 90 days. The extension would mean that the current deadline for filing under Rule 15 (April 15) will be extended to July 14, 2020. The current deadline for filing a response to the government's Answer (May 29) will be extended to August 27, 2020.

Respectfully Submitted,

| | |
|---|---|
| */s/ Christine Lehmann* | */s/ Robert Lee* |
| Christine Lehmann | Robert Lee |
| Louisiana Capital Assistance Center | 2421 Ivy Road, Suite 301 |
| 636 Baronne Street | Charlottesville, Virginia 22903 |
| New Orleans, LA 70113 | (434) 817-2970 |
| (504) 558-9867 | (434) 817-2972 (fax) |
| (504) 558-0378 (fax) | roblee@vcrrc.org |
| Louisiana Bar #28122 | *Counsel for Mr. Snarr* |
| *Counsel for Mr. Garcia* | |
| | */s/ Kathryn N. Nester* |
| /s/ *Jason D. Hawkins* | Kathryn N. Nester |
| Jason D. Hawkins | Federal Defenders of San Diego, Inc. |
| Federal Public Defender | 225 Broadway, Suite 900 |
| Northern District of Texas | San Diego, CA 92101 |
| 525 South Griffin Street, Suite 629 | (619) 234-8467 |
| Dallas, Texas 75202 | (619) 687-2666 (fax) |
| (214) 767-2746 | Kathy_Nester@fd.org |
| (214) 767-2886 (fax) | *Counsel for Mr. Snarr* |
| Texas Bar No. 00795763 | |
| *Counsel for Mr. Garcia* | |

## CERTIFICATE OF SERVICE

This is to certify that, on this April 1, 2020, the above Motion was filed with the Court via the ECF electronic filing system. Counsel for the Government was served with a copy of this document through ECF.

*/s/ Robert Lee*_____
*Counsel for Mr. Snarr*
*/s/ Christine Lehman*_____
*Counsel for Mr. Garcia*

## CERTIFICATE OF CONFERENCE

This is to certify that, prior to filing the above submission with the Court, counsel

conferred with counsel for the government regarding this submission in compliance with Local

Rule CV-7(h), and the government does NOT oppose this Motion.

*/s/ Robert Lee*_____
*Counsel for Mr. Snarr*
*/s/ Christine Lehman*_____
*Counsel for Mr. Garcia*