IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARK ISAAC SNARR, #11093-081 | § | |
| | | |
| v. | § | CIVIL ACTION NO. 1:13cv724 |
| | | CRIM. NO. 1:09-CR-00015(01) |
| UNITED STATES OF AMERICA | § | |

O R D E R

Before the Court is Snarr's unopposed motion to exceed page limit (Dkt. #105) for his purported amended motion for collateral relief pursuant to 28 U.S.C. § 2255 (Dkt. #107). Local Rule CV-3 requires a petitioner to seek leave of court to file a petition that exceeds 100 pages.

Snarr notes that he was previously granted a motion for excess pages and that his current amended Section 2255 motion is based on extensive evidence uncovered during post-conviction investigation and includes a large number of fact-intensive claims. In 2015, Snarr was granted permission to file an over-length motion of 208 pages, excluding cover sheet, tables, certificate of service, and exhibits (Dkt. #31)—108 pages more than the page limit stated in Local Rule CV-3. Snarr argues that he needs to exceed the page limit further and requests that he be permitted to file an over-length amended motion of 448 pages, excluding cover sheet, tables, certificate of service, and exhibits. Snarr seeks to file 240 pages more than what he was permitted to file in 2015.

In April 2020, Snarr moved for an extension of time to file an amended Section 2255 motion pursuant to Fed. R. Civ. P. 15(a) after the Government had filed its answer and response to Snarr's original Section 2255 motion. (Dkt. #87). The Court cautioned Snarr in its April 2020 Order that an amendment to a pleading may relate "back to the date of the original pleading" only

1

if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Claims added in an amended federal habeas petition do not relate back to the original petition merely because the claims arise out of the same trial and conviction. *Mayle v. Felix,* 545 U.S. 644, 649-50 (2005); *United States v. Gonzalez,* 592 F.3d 675, 679 (5th Cir. 2009). Additionally, "[a]n amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle,* 545 U.S. at 650. (Dkt. #89).

The Court's cautionary words are relevant to the determination of whether Snarr should be permitted to file an amended Section 2255 motion that is now 240 pages longer than his 206-page original Section 2255 motion. Without considering the merits of his briefing, Snarr has raised new arguments in his purported amended Section 2255 motion that do not appear in his original Section 2255 motion. (*Cf.* Dkt. #23 and Dkt. #107). For example, the most notable new argument is Snarr's Section No. V.—the federal death penalty and the protocols governing its implementation are unconstitutional—of his purported amended Section 2255 motion (Dkt. #107, pp. 444-470). This argument is not briefed or raised in Snarr's original Section 2255 motion and as such the argument would not relate back under Fed. R. Civ. P. 15(c) and would be timed-barred under the AEDPA. *See Mayle*, 545 U.S. at 657–59 (examining the interaction between AEDPA's statute of limitations and the relation-back provision of Fed. R. Civ. P. 15(c)). "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659 (citing *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259

2

n.29 (9th Cir.1982); 6A C. WRIGHT, A. MILLER, & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 1497, p. 85 (2d ed.1990)).

Snarr's motion for excess pages is reasonable; however, the number of pages that he requests to file beyond the 100 pages permitted by Local Rule CV-3 is excessive. It is therefore

**ORDERED** that Snarr's motion to exceed page limit (Dkt. #105) is **GRANTED in part** and **DENIED in part**. Snarr is granted permission to file an amended Section 2255 motion for collateral relief that does not exceed 250 pages in length, excluding cover sheet, tables, certificate of service, and exhibits. It is

**ORDERED** that the Clerk of Court shall **STRIKE** Docket Entry ##107-113 from the record. It is further

**ORDERED** that Snarr shall file his conformed amended Section 2255 motion for collateral relief on or before 45-days from the receipt of this Order. No extensions of time will be allowed.

Also, before the Court is Snarr's unopposed motion to seal (Dkt. #106) his amended motion for collateral relief pursuant to 28 U.S.C. § 2255 (Dkt. #107). Considering the Court's orders above, Snarr's motion to seal (Dkt. #106) is moot. Snarr shall file a motion to seal at the time that he files his conformed amended Section 2255 motion. It is therefore

**ORDERED** that Snarr's motion to seal (Dkt. #106) his amended motion for collateral relief pursuant to 28 U.S.C. § 2255 (Dkt. #107) is **DENIED as moot.**

**SIGNED this the 29th day of November, 2021.**


_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

3