UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

MARK ISSAC SNARR,              )
      Petitioner,            )
                             )
      v.                   )      CASE NO. 1:13-CV-724
                             )      CRIMINAL NO. 1:09-CR-15
UNITED STATES OF AMERICA,    )
      Respondent.         )

**UNOPPOSED MOTION TO AMEND ORDER
GRANTING IN PART AND DENYING IN PART
MOTION FOR LEAVE TO EXCEED PAGE LIMIT**

COMES NOW Mark Issac Snarr, through his undersigned counsel, and respectfully asks the Court to amend its November 29, 2021, Order, ECF No. 114, granting in part and denying in part Snarr's unopposed motion for leave to exceed the 100-page limit established by Local Rule CV-3 when filing his amended motion for relief pursuant to 28 U.S.C. § 2255, ECF No. 105. The Order directed Snarr to file an amended motion on or before January 13, 2022, and to limit the length of the amended motion to 250 pages. For the reasons set out below, Snarr respectfully asks the Court to amend its Order to allow an amended motion not to exceed 369 pages. Counsel for the government has authorized undersigned counsel to represent that the government does not oppose this request, though it retains the option to challenge amendments it believes do not "relate back" to Snarr's initial claims. In support of this motion, Snarr states as follows:

*Background*

In February 2015, Snarr was granted permission to file under seal an over-length motion for collateral relief pursuant to § 2255 that was 208 pages in length, excluding cover sheet, tables, certificate of service, and exhibits. ECF No. 31. On April 19, 2018, the Court granted Snarr leave to file under seal a 24-page supplement to the motion for collateral relief. ECF No. 67. Thus, the

total length of allegations and argument in Snarr's motion for collateral relief was 232 pages. On March 25, 2020, the Court granted the government's unopposed motion for leave to file a response not to exceed 230 pages, ECF No. 82, and the government filed under seal a 228-page response to Snarr's motion for collateral relief, ECF No. 83. Similar motions regarding the lengths of pleadings have been made and granted in the case of Snarr's co-defendant, Edgar Garcia. *See, e.g., Garcia v. United States*, 1:13-cv-723 (E.D. Tex.), ECF Nos. 32, 45, 110, 112. On September 7, 2021, the Court ordered Snarr to file his amended motion for collateral relief pursuant to § 2255 by November 19, 2021. ECF No. 103.

On November 19, 2021, Snarr filed an unopposed motion for leave to file excess pages, ECF No. 105, along with a sealed amended motion for collateral relief pursuant to § 2255 that was 448 pages long, ECF Nos. 106–107. On November 29, 2021, the Court granted the motion in part and denied it in part. ECF No. 114. The Court found Snarr's motion for excess pages was reasonable, granted leave for Snarr to file an amended motion not to exceed 250 pages, excluding cover sheet, tables, certificate of service and exhibits, and directed him to file the amended motion on or before January 13, 2022. *Id.* at 3.

The Court reasoned that, under Federal Rule of Civil Procedure 15, amendments only relate back if they "assert[] a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out— in the original pleading," *id.* at 2 (quoting Fed. R. Civ. P. 15(c)(1)(B), and that an amended motion "does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth," *id.* (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)). The Court found that, "[w]ithout considering the merits of his briefing, Snarr has raised new arguments in his purported amended Section 2255 motion that do not appear in his original Section 2255 motion." *Id.* The Court

described one claim Snarr had sought to file under seal and found it was "not briefed or raised in Snarr's original Section 2255 motion and as such would not relate back under Fed. R. Civ. P. 15(c) and would be time-barred under the AEDPA." *Id.* The Court also struck the amended motion and accompanying appendices, ECF No. 107–113. *Id.*

Also on November 29, 2021, the Court granted co-defendant Garcia's motion to exceed the page limit, allowing him to file an over-length amended motion of 411 pages. Order, *Garcia v. United States*, Civ. Act. No. 1:13-cv-724 (E.D. Tex. Nov. 29, 2021), ECF No. 137. The Order in that case contained no mention or analysis of the application of Fed. R. Civ. P. 15, *Mayle v. Felix*, or the AEDPA, to Garcia's amended motion.

*Grounds for the Motion*

The vast majority of the increase in length between Snarr's initial § 2255 motion and supplement and his amended motion, is due to development of extensive evidence and legal support for claims that were clearly set out in the initial § 2255 motion filed in 2015. This evidence was uncovered during post-conviction investigation—including investigation made after the filing of the initial § 2255 motion and prior to prolonged restrictions put in place due to the global pandemic—and the incorporation of evidence produced by the government well after Snarr's 2015 initial motion was filed. The vast majority of what is pled in Snarr's proposed amended motion "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out— in the original [2015 initial] pleading," Fed. R. Civ. P. 15(c)(1)(B). For example, amendments to subsections II.A through II.O added 100 pages based on new information supporting the claim set out in 2015. *Compare* ECF No. 27 at 13–190 (177 pages) *with* ECF No. 107 at 54–331 (277 pages)). In addition, amendments to subsection III.A. through III.F added 37 pages also based on new information supporting the claim set out in 2015. *Compare* ECF No. 27 at 191–205 (15 pages)

*with* ECF No. 107 at 341–393 (52 pages)). Allegations contained in the 24-page supplement have been incorporated into the proposed amended motion. When adding the 137 pages of amendments described above to the 232-page initial motion and supplement, the amended motion would total 369 pages in length. Based just on these amendments, it is appropriate to grant Snarr leave to file an amended motion not to exceed 369 pages.

As the Court pointed out, constitutional challenges set out in Section V were not part of Snarr's initial § 2255 motion. Order at 2, ECF No. 114. Without delving into the details of a claim Snarr has sought to file under seal consistent with the Court's earlier orders, ECF Nos. 31, 67, facts supporting Section V "could not have been discovered through the exercise of due diligence," 28 U.S.C. § 2255(f)(4), prior to 2021. *See, e.g.*, Merrick Garland, Office of the Att'y Gen., *Memorandum: Moratorium on Federal Executions Pending Review of Policies and Procedures* (2021), https://www.justice.gov/opa/page/file/1408636/download (pronouncement made by the U.S. Department of Justice in 2021 regarding "serious concerns" about the death penalty across the country, including arbitrariness in its application, and announcing reviews of the federal death penalty). Therefore, this claim is cognizable under § 2255(f)(4), and not time-barred by the AEDPA. Section V is 27 pages in length.

A 250-page limit on Snarr's amended 2255 motion does not take into account the relevant information set out above concerning the nature of the information in the amended motion Snarr has sought to file.

As a practical matter, the amended 2255 Motion prepared for the Court provides an organized, thoughtful, and detailed presentation of Snarr's factual allegations and legal support. Snarr believes shortening the motion to 250-page would make the Court's review less efficient and more cumbersome by removing accessible and detailed presentations of the facts supporting

Snarr's claims and the context of those claims in the trial. The Court will benefit significantly from the efficiencies created by the amended 2255 motion, as will the government.

In these circumstances, granting leave for Snarr to file an amended motion not to exceed 369 pages is appropriate. Restricting the amended motion to fewer pages would unnecessarily suspend his ability to have meaningful access to the courts for consideration of his claims in this death penalty case. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 505–06 (2003) (recognizing that a § 2255 proceeding ensures the defendant has a full opportunity to prove facts establishing ineffectiveness of counsel).

For the foregoing reasons, Snarr respectfully requests that the Court amend its November 29, 2021, Order, ECF No. 114, and authorize him to file an amended motion not to exceed 369 pages and accompanying appendices.

DATED this 9th day of December, 2021.

RESPECTFULLY SUBMITTED,

_____/s/_____
Robert Lee
2421 Ivy Road, Suite 301
Charlottesville, Virginia 22903
(434) 817-2970
roblee@vcrrc.org

Kathryn N. Nester
Attorney at Law
50 W. Broadway, Ste. 300
Salt Lake City, UT  84101
(801) 535-4375
kathy_nester@yahoo.com

## CERTIFICATE OF SERVICE

This is to certify that, on this December 9, 2021, the above Motion was filed with the Court via the ECF electronic filing system. Counsel for the government was served with a copy of this document through ECF.

_____/s/ *Robert Lee*_____

## CERTIFICATE OF CONFERENCE

This is to certify that, prior to filing the above submission with the Court, counsel conferred with counsel for the government regarding this submission in compliance with Local Rule CV-7(h), and they have no opposition to this motion, though counsel retain the government's option to argue amendments do not satisfy "relations back" provisions.

_____/s/ *Robert Lee*_____