IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

MARK ISAAC SNARR, #11093-081 §

v. § CIVIL ACTION NO. 1:13cv724
CRIM. NO. 1:09-CR-00015(01)

UNITED STATES OF AMERICA §

O R D E R

Before the Court is Snarr's Unopposed Motion to Amend Order Granting in Part and Denying in Part Motion for Leave to Exceed Page Limit (Doc. #116), construed as a motion for reconsideration. Snarr seeks to have the Court reconsider its November 29, 2021 Order granting in part and denying in part Snarr's Unopposed Motion to Exceed Page Limit (Doc. #105) directing Snarr that he may file an amended section 2255 that does not exceed 250 pages in length, excluding cover sheet, tables, certificate of service, and exhibits. (Doc. #114). The Court had found that a number of Snarr's arguments raised in his purported amended Section 2255 motion were new and did not relate back to his original Section 2255 motion—e.g., the federal death penalty and the protocols governing its implementation are unconstitutional[1]—of his purported amended section 2255 motion (Doc. #107).

Here, Snarr urges that he should be allowed to file an amended Section 2255 motion that does not exceed 369 pages in length—119 pages longer than the 250 pages that the Court

---

[1] Challenges to the method of execution are not appropriate in a Section 2255 Motion to Vacate, Set Aside or Correct Sentence. *See Allen v. United States*, 2011 WL 1770929, at *50-51 (E.D. Mo. May 10, 2011) (holding that a challenge to the method of execution should be brought as a *Bivens* action).

previously granted Snarr permission to file. Snarr reasons that he needs the additional 119 pages to provide the Court with an organized, thoughtful, and detailed presentation of Snarr's factual allegations and legal support. He asserts that shortening his amended motion to 250 pages would make the Court's review less efficient and more cumbersome by removing accessible and detailed presentation of the facts supporting Snarr's claims and the context of those claims in the trial. Snarr's rationale is unpersuasive.

As noted in the Court's previous Order (Doc. #105), claims added in an amended federal habeas petition do not relate back to the original petition merely because the claims arise out of the same trial and conviction. *Mayle v. Felix,* 545 U.S. 644, 649-50 (2005); *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009). Additionally, "[a]n amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle,* 545 U.S. at 650. It is therefore

**ORDERED** that Snarr's Unopposed Motion to Amend Order Granting in Part and Denying in Part Motion for Leave to Exceed Page Limit Page Limit (Doc. #116) is **GRANTED in part** and **DENIED in part**. Snarr is granted permission to file an amended Section 2255 motion for collateral relief that does not exceed 270 pages in length, excluding cover sheet, tables, certificate of service, and exhibits, on or before 45-days from the receipt of the Court's November 29, 2021 Order (Doc. #114). No further requests for excess pages for the amended Section 2255 motion will be considered. No extensions of time will be allowed. All other relief is **DENIED**.

**SIGNED this the 6th day of January, 2022.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE