UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MARK ISSAC SNARR,<br>　　　Petitioner, | )<br>)<br>) | |
| v. | )<br>) | CASE NO. 1:13-CV-724<br>CRIMINAL NO. 1:09-CR-15 |
| UNITED STATES OF AMERICA,<br>　　　Respondent. | )<br>) | |

**PETITIONER'S OBJECTION
TO THE COURT'S JANUARY 6, 2022, ORDER
AND PROFFER**

COMES NOW Petitioner, Mark Issac Snarr, through his undersigned counsel, and submits

for the record the following Objection to the Court's January 6, 2022, Order, ECF No. 118. In

Support of the Objection, Snarr states the following:

In February 2015, Snarr was granted permission to file under seal an over-length motion

for collateral relief pursuant to § 2255 that was 208 pages in length, excluding cover sheet, tables,

certificate of service, and exhibits. ECF No. 31.[1] On April 19, 2018, the Court granted Snarr leave

to file under seal a 24-page supplement to the motion for collateral relief. ECF No. 67. On

September 7, 2021, the Court ordered Snarr to file pursuant to Federal Rules of Civil Procedure

Rule 15 his amended motion for collateral relief under 28 U.S.C. § 2255 by November 19, 2021.

ECF No. 103.

On November 19, 2021, Snarr filed an unopposed motion for leave to file excess pages,

ECF No. 105, along with a sealed proposed amended motion for collateral relief pursuant to §

2255 that was 448 pages long, ECF Nos. 106–107. On November 29, 2021, the Court granted the

---

[1] A similar motion regarding length was made and granted in the case of Snarr's co-defendant, Edgar Garcia. *See, e.g.*, *Garcia v. United States*, 1:13-cv-723 (E.D. Tex.), ECF Nos. 32, 45.

motion in part and denied it in part. ECF No. 114. The Court found Snarr's motion for excess pages was reasonable, granted leave for Snarr to file an amended motion pursuant to Federal Rule of Civil Procedure 15 not to exceed 250 pages, excluding cover sheet, tables, certificate of service and exhibits, and directed him to file the amended motion on or before January 13, 2022. *Id.* at 3.

The Court noted that, under Federal Rule of Civil Procedure 15, amendments only meet the "relations back" requirement if they "assert[] a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out— in the original pleading," *id.* at 2 (quoting Fed. R. Civ. P. 15(c)(1)(B)), and that an amended motion "does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth," *id.* (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)). The Court found that, "[w]ithout considering the merits of his briefing, Snarr has raised new arguments in his purported amended Section 2255 motion that do not appear in his original Section 2255 motion." *Id.* The Court described one claim Snarr had sought to file under seal and found it was "not briefed or raised in Snarr's original Section 2255 motion and as such would not relate back under Fed. R. Civ. P. 15(c) and would be time-barred under the AEDPA." *Id.* The Court struck the proposed amended motion and accompanying appendices, ECF No. 107–13. *Id.*

Also on November 29, 2021, the Court granted co-defendant Garcia's motion to exceed the page limit, allowing him to file an amended motion of 411 pages. Order, *Garcia v. United States*, Civ. Act. No. 1:13-cv-723 (E.D. Tex. Nov. 29, 2021), ECF No. 137. The Order in that case contained no mention or analysis of the application of Fed. R. Civ. P. 15, *Mayle v. Felix*, or the AEDPA, to Garcia's amended motion.

On December 9, 2021, Snarr asked the Court to amend its November 29 Order, ECF No. 114, to allow him to file an amended motion not to exceed 369 pages. ECF No. 116. Snarr pointed

out that the most of the increase in length between Snarr's initial § 2255 motion and his amended motion was due to adding the supplement and development of extensive evidence and legal support for claims that were indisputably set out in Snarr's initial § 2255 motion and supplement.[2] These amendments satisfied the "relations back" requirements under Fed. R. Civ. P. 15(c)(1)(B), because they "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out— in the original pleading."

On January 6, 2022, the Court granted Snarr's motion in part, allowing him to file an amended motion not to exceed 270 pages. ECF No. 118. The Court again noted the application of the "relations back" doctrine to the amended motion, but did not apply it to Snarr's amended claims or address Snarr's arguments that the amended claims related to claims in his initial and supplemental motions. The Court ruled that no further extensions of time or length would be granted, and "[a]ll other relief is DENIED." *Id.*

In the circumstances presented to the Court, the 270-page limit imposed on Snarr's amended 2255 motion was arbitrary, did not take into account the relevant information set out in Snarr's motion concerning the nature of the amended motion Snarr sought to file, and was otherwise unsupported. The restriction caused an unjustified suspension of Snarr's ability to meaningfully access the courts for consideration of his claims in this expansive death penalty case. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 505–06 (2003) (recognizing that a § 2255

---

[2] Amendments to subsections II.A through II.O of the initial § 2255 motion added 100 pages based on new information supporting the claim set out in 2015. *Compare* ECF No. 27 at 13–190 (177 pages), *with* ECF No. 107 at 54–331 (277 pages). In addition, amendments to subsections III.A. through III.F added 37 pages also based on new information supporting the claim set out in 2015. *Compare* ECF No. 27 at 191–205 (15 pages), *with* ECF No. 107 at 341–393 (52 pages). Allegations contained in the 24-page supplement were incorporated into the proposed amended motion. When just adding the 137 pages of amendments to the 232-page initial motion and supplement, the amended motion would total 369 pages in length.

proceeding ensures the defendant has a full opportunity to prove facts establishing ineffectiveness of counsel).

Because the Court's January 6, 2022, Order denied "[a]ll other relief" on this issue, Snarr submits for the record this Objection and proffers the Proposed Amended Motion for Relief Under 28 U.S.C. § 2255 attached to his Motion to File Under Seal, also filed this day, as an Exhibit to his Objection and evidence of a fair presentation of the Amended Motion he should have been allowed to file with the Court in the circumstances of this case.

RESPECTFULLY SUBMITTED,

_____/s/_____

Robert Lee
2421 Ivy Road, Suite 301
Charlottesville, Virginia 22903
(434) 817-2970
roblee@vcrrc.org

Kathryn N. Nester
Nester Lewis PLLC
50 W. Broadway, Ste. 300
Salt Lake City, UT  84101
(801) 535-5375
kathy_nester@yahoo.com

## CERTIFICATE OF SERVICE

This is to certify that, on this January 13, 2022, the above Objection was filed with the Court via the ECF electronic filing system. Counsel for the government was served with a copy of this document through ECF.

_____/s/ *Robert Lee*_____

## CERTIFICATE OF CONFERENCE

This is to certify that, prior to filing the above submission with the Court, counsel informed counsel for the government regarding this submission in compliance with Local Rule CV-7(h),

and they have no opposition to the filing of this objection.

_____/s/ *Robert Lee*_____