IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARK ISAAC SNARR, #11093-081 | § | |
| vs. | § | CIVIL ACTION NO. 1:13-cv-724 |
| | | CRIM. NO. 1:09-CR-00015(1) |
| UNITED STATES OF AMERICA | § | |

**ORDER GRANTING SUBSTUTITION OF COUNSEL**

Before the court is Movant Snarr's Unopposed Motion to Substitute Counsel. (Doc. #131). By previous order of the Honorable Keith F. Giblin, United States Magistrate Judge (Retired), in the above reference named and numbered cause, Mr. Robert Lee of the Virginia Capital Representation Resource Center and Ms. Kathryn Nester of the Federal Public Defenders' Office for the District of Utah were appointed as co-counsel to represent Movant in this matter. (Doc. #2). Neither Mr. Lee nor Ms. Nestor are currently with the Federal Public Defenders' Office for the District of Utah.

Snarr is requesting that Mr. Lee and the Federal Public Defenders' Office be released from their appointment as his counsel of record. He is further requesting that Ms. Nestor remain his attorney of record but not as a member of the Federal Public Defenders' Office for the District of Utah. Ms. Nestor has left the Federal Public Defenders' Office and is now in private practice.

Snarr is further requesting that Mr. Lee and the Federal Public Defenders' Office of the District of Utah be substituted by Ms. Lindsey Layer and Ms. Megan Barnes of the Capital Habeas Unit of the Federal Public Defender for the District of Arizona (AZ-CHU). He states that Ms. Layer and Ms. Barnes are available and qualified counsel to substitute for the Utah Federal Public Defenders' Officer and Mr. Lee in these proceedings.

Snarr represents that both Ms. Layer and Ms. Barnes are admitted to practice before the court. Ms. Layer is qualified for appointment in postconviction death penalty cases pursuant to 18 U.S.C. § 3599(c). Ms. Layer previously worked on Mr. Snarr's case for the period of time leading up to the filing of his initial Motion Pursuant to § 2255 in 2015 before taking her position with the Arizona Federal Public Defender; and thus, she is familiar with these proceedings. Ms. Layer and Ms. Barnes have received the approval of the Office of Defender Services to represent Movant. The Chief Judges of the United States Courts of Appeals for the Fifth and Ninth Circuits have been properly notified. The AZ-CHU has experienced support staff and resources necessary to represent a death-sentenced client like Snarr in district court proceedings, as well as on appeal and in other appropriate stages of collateral review pursuant to 28 U.S.C. § 2255, such as potential executive clemency considerations.

Under 18 U.S.C. § 3599(e), unless replaced, an appointed attorney "shall represent the defendant throughout every subsequent stage of available judicial proceedings, including . . . all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures . . . ." *See also Harbison v. Bell*, 556 U.S. 180, 194 (2009) (interpreting § 3599(e) to authorize federally appointed counsel to represent a petitioner in all proceedings that transpire "subsequent" to counsel's appointment, including a state clemency proceeding, and to be compensated for that representation). Counsel should note that "the Supreme Court [has] explicitly limited the scope of § 3599 to exclude state habeas proceedings and other proceedings that are not 'subsequent to' federal habeas." *Storey v. Lumpkin*, 8 F.4th 382, 393 (5th Cir. 2021) (quoting *Harbison*, 556 U.S. at 189)); *see also id.* at 195 (Roberts, C.J., concurring) (describing that § 3599(e)'s reference to "subsequent stages" "does not include state

judicial proceedings after federal habeas, because those are more properly regarded as new judicial proceedings").

In accord with the prior appointment and § 3599(e), the court hereby appoints Ms. Kathryn Nestor, Ms. Lindsey Layer, Ms. Megan Barnes, and the Capital Habeas Unit of the Federal Public Defender for the District of Arizona to represent Movant "throughout every subsequent stage of available judicial proceedings in these proceedings." 18 U.S.C. § 3599(e). As allowed under the Eastern District of Texas Criminal Justice Act Plan Section V.D, this appointment is made retroactive to the filing of the March 30, 2022 Unopposed Motion to Substitute Counsel (Doc. #131). It is therefore,

**ORDERED** that Movant Snarr's Unopposed Motion to Substitute Counsel (Doc. #131) is **GRANTED**. It is further

**ORDERED** that Lindsey Layer and Megan Barnes of the Capital Habeas Unit of the Federal Public Defender for the District of Arizona and Kathryn N. Nester, in her capacity as a private attorney, are substituted as appointed counsel pursuant to 18 U.S.C. § 3599(a)(2), to represent Movant Snarr in these proceedings and shall replace previously appointed counsel Ms. Nester, in her capacity as a Federal Public Defender for the District of Utah, Mr. Robert Lee, and the Federal Public Defenders' Office for the District of Utah. Because of the familiarity of substituted counsel with these proceedings, the substitution of counsel will not be a basis for an extension of time in filing Movant's reply to the Government's response to the amended motion pursuant to Section 2255.

The Clerk of Court is directed to terminate Mr. Robert Lee as counsel of record for Movant Snarr on the court's docket sheet. Ms. Nestor, as a private attorney, should note that compensation for this matter is subject to audit and reasonableness review under § 3599 and the Guide to

Judiciary Policy. Vouchers and the required documentation should be presented through the e-Voucher system under Cause No. 1:13-cv-724.

Since 1995, the Federal Community Defenders Office has received a sustaining grant from the Administrative Office of the United States Courts to represent death-sentenced prisoners in federal habeas corpus proceedings. Because of its sustaining grant, the Federal Community Defender or Capital Habeas Unit should not require any funding from the court for attorney fees, investigation or travel expenses, or expert witness expenses, should expert witnesses be needed.

Ms. Layer and Ms. Barnes of the Capital Habeas Unit of the Federal Public Defender for the District of Arizona shall enter a notice of appearance within seven days after the receipt of this Order.

**SIGNED this the 18th day of April, 2022.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE