IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARK ISAAC SNARR, #11093-081 | § | |
| VS. | § | CIVIL ACTION NO. 1:13-cv-724 |
| | | CRIM. NO. 1:09-CR-00015(1) |
| UNITED STATES OF AMERICA | § | |

O R D E R

Before the court is Movant Snarr's Unopposed Motion to Extend Time to File Reply (Doc. #139).   Snarr's Reply to the Government's Response (Doc. #134) is currently due June 13, 2022. (Doc. #126).   He is requesting an extension of time of 90-days beyond the current due date.   If his request is granted, Snarr's Reply would be due on or before September 12, 2022.

In support of the motion, Snarr states that his counsel, Ms. Layer has an active death penalty docket wherein she has a number of briefing deadlines in May and early June.   He further states that his co-counsel, Ms. Barnes has an amended petition and motion for evidentiary development due on August 1, 2022, which requires significant fact and mitigation investigation and consulting with numerous expert witnesses.   For the first time, he asserts that Ms. Nestor, his continuing co-counsel, is remaining on the case primarily for "client relations purposes"—inferring that she will not be as active on his case as she was before.   He also asserts that Ms. Nestor has five felony trials scheduled between June 13, 2022, and September 2, 2022.

In their Unopposed Motion to Substitute Counsel (Doc. #131), Snarr's then-counsel, which included Ms. Nestor, represented that Ms. Layer and Ms. Barnes as "available" and qualified counsel. (Doc. #131, p. 2).   The motion also stated that the AZ-CHU has experienced support staff and resources needed to represent a death-sentenced client like Snarr.   (*Id*).   The motion further

1

intimated that Ms. Layer was familiar with the background and issues in this case having worked on Snarr's case previously.    The Motion to Substitute Counsel is silent as to Ms. Nestor's role changing in any significant way.    The inference is that Ms. Nestor would continue her role as lead counsel. Based on the representations in the Motion to Substitute Counsel, the court granted the motion (Doc. #136) and stated that "[b]ecause of the familiarity of substituted counsel with these proceedings, the substitution of counsel will not be a basis for an extension of time in filing Movant's Reply … ." (Doc. #136, p. 3).    The availability and time constraints of counsel asserted in the Motion to Extend Time to File Reply are a significant shift from the "available" and "ready" presentation in the Motion to Substitute Counsel.    Moreover, the court's January 24, 2022 Order (Doc. #126) set the deadline to file a reply as June 13, 2022—more than 60 days before Snarr's Motion to Substitute Counsel (Doc. #131).    Clearly, all counsel were aware of the reply deadline when making the decision to add new counsel.    Accordingly, it is

**ORDERED** that Movant Snarr's Unopposed Motion to Extend Time to File Reply (Doc. #139) is **GRANTED** in part and **DENIED** in part.    Snarr's request for an additional 90-days beyond June 13, 2022, to extend the time to file his Reply to the Government's Response is **DENIED** as excessive. It is further

**ORDERED** that Movant Snarr's request for additional time is **GRANTED** to the extent that he shall file his Reply on or before July 13, 2022.    All other relief is **DENIED**.    No further extensions will be considered except upon a showing of good cause.

**SIGNED this the 11th day of May, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

2