| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| MARK ISSAC SNARR, | § | |
| | § | |
| Movant, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:13-CV-724 |
| | § | CRIMINAL NO. 1:09-CR-15(2) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is Movant Mark Issac Snarr's Objections to the Magistrate Judge's January 6, 2022 Order and Proffer (#121) pursuant to Federal Rules of Civil Procedure 72(a).  In his objections, Snarr complains that the magistrate judge's January 6, 2022 Order (#118), limiting his amended 28 U.S.C. § 2255 motion to 270 pages is arbitrary and causing "an unjustified suspension of Snarr's ability to meaningfully access the courts for consideration of his claims" in this capital habeas case.  (#121, p. 3).

Federal Rule of Civil Procedure 72(a) provides that a party may serve and file objections to a non-dispositive order of the magistrate judge, and that the district judge to whom the case is assigned shall consider these objections and modify any portion of the magistrate judge's order found to be "clearly erroneous or contrary to law."  For the following reasons, Snarr's Objections to the Magistrate Judge's January 6, 2022 Order and Proffer are **OVERRULED**.

In the January 6, 2022 Order at question (#118), the magistrate judge granted in part and denied in part Snarr's motion for excess pages.  (#116).  The Order expanded the number of pages permitted to be filed from 250 pages to 270 pages, excluding cover sheet, tables, certificates of services, and exhibits.  The Order stated in relevant part:

> Here, Snarr urges that he should be allowed to file an amended Section 2255 motion that does not exceed 369 pages in length—119 pages longer than the 250 pages that the Court previously granted Snarr permission to file.  Snarr reasons that he needs the additional 119 pages to provide the Court with an organized, thoughtful, and detailed presentation of Snarr's factual allegations and legal support.  He asserts that shortening his amended motion to 250 pages would make the Court's review less efficient and more cumbersome by removing accessible and detailed presentation of the facts supporting Snarr's claims and the context of those claims in the trial.  Snarr's rationale is unpersuasive.

(#118, p. 2).  Clearly, Snarr's stated reason for requesting permission to file a 369-page amended Section 2255 motion failed to establish cause for such lengthy briefing beyond the 100-page limit established by Local Rule CV-3(b).

Snarr's objections to the January 6, 2022 Order are vague and non-specific.  Federal Rule of Civil Procedure 72(b)(2) requires "specific" written objections.  The objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues which are truly in dispute."  *United States v. 2121 E. 30th St.,* 73 F.3d 1057, 1060 (10th Cir. 1996); *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir. 1982) (en banc) ("It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specifically consider.").

General, vague, conclusive, or frivolous objections will not suffice.  *See Battle v. U.S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).  In such cases, the court will only review the magistrate judge's findings to determine if they are clearly erroneous or contrary to the law.  *See Gallegos v. Equity Title Co. of America, Inc.,* 484 F.Supp.2d 589, 591 (W.D. Tex. 2007) (citing *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989)).  Objections made with sufficient specificity, however, allow for the district court to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Freeman*

*v. Cnty. of Bexar,* 142 F.3d 848, 852 (5th Cir. 1998) (quoting 28 U.S.C. § 636(b)(1)). Snarr fails to offer specific objections to the January 6, 2022 Order.

Snarr also fails to present any specific facts in his objections (#121) showing why his counsel are incapable of setting forth the factual and legal bases for his claims for relief in this cause in 270 pages. He further fails to offer why the magistrate judge's Order was "clearly erroneous or contrary to law"—the standard set out in FED. R. CIV. P. 72(a).

Snarr's complaint that his co-defendant, Movant Garcia, received permission to file a longer over-length motion pursuant to Section 2255 is not a basis to show that the magistrate judge's Order was "clearly erroneous or contrary to law." Snarr's argument is essentially that it is not fair that Movant Garcia was granted more pages than Snarr to present his arguments.

Movant Garcia received permission to file an initial motion pursuant to Section 2255 that was 383 pages in length. (*See* Case No. 1:13-cv-723, #45). By comparison, Snarr requested permission to file an initial motion pursuant to Section 2255 that was 208 pages in length. (#31). Snarr did not request at the time of the filing of his initial Section 2255 motion to file a Section 2255 motion as long as Garcia's initial Section 2255 motion.

The presumption is that Movant Garcia in his opening Section 2255 motion fully set out all of his grounds for relief as required by Rule 2(b) of the *Rules Governing Section 2255 Proceedings* (instructing the movant to "specify all the grounds for relief available to [him]"), and the principles set out in *Mayle v. Felix*, 545 U.S. 644 (2005) (discouraging the filing of an incomplete or "skeletal" habeas petition). Snarr, on the other hand, appears to have not set out all of his grounds for relief in his opening Section 2255 motion and is now complaining that he should be allowed to amend his Section 2255 motion to add entirely new claims or new theories of law that are not a factual clarification or amplification of a claim initially made in his initial Section 2255 motion.

Snarr's decision to not comply with Rule 2(b) and *Mayle*, 545 U.S. at 653-64, in his initial Section 2255 motion is not a basis to show that the magistrate judge's Order was "clearly erroneous or contrary to law"

In the November 29, 2021 Order (#114), the magistrate judge noted that Snarr had raised new grounds for relief in his proposed, amended Section 2255 motion that were notably absent from his original or initial Section 2255 motion. (*cf.*, ##23 and 107). The magistrate judge is correct that new grounds for relief—raised for the first time in an amended Section 2255 motion—would be barred by the Anti-Terrorism and Efective Death Penalty Act's (AEDPA) one-year statute of limitations, 28 U.S.C. § 2244(d)(1), and would not relate back under FED. R. CIV. P. 15(c), citing *Mayle*, 545 U.S. at 650 ("An amended habeas petition . . .does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." (#118, p. 2). Snarr, furthermore, did not set out any arguments for equitable tolling to the one-year statute of limitations in either his motion for excess pages (#116) or in his proposed Amended Section 2255 motion (#107) that would justify raising new grounds for relief for the first time. *See U.S. v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008) (holding that the AEDPA is not jurisdictional and, therefore, is subject to equitable tolling). On this record, the court cannot find that the magistrate judge's Order was clearly erroneous or contrary to law.

Federal courts are vested with the inherent power to manage their affairs so as to achieve the orderly and expeditious disposition of cases. *See Gulf Petro Trading Co., v. Nigerian Nat'l Petroleum Corp.*, 233 F.R.D. 492, 492 (E.D. Tex. Dec. 16, 2005), citing *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995). They may adopt rules governing practice. FED. R. CIV. P. 83. The judges of the Eastern District of Texas adopted Local Rule CV-3(b), which states that 28 U.S.C. § 2255 motions shall not exceed 100 pages, without leave of court.

Court have regularly upheld the enforcement of reasonable page limits under various circumstances. *See Young v. Addison*, 490 F. App'x 960, 963-64 (10th Cir. 2012), *cert. denied*, 568 U.S. 1160 (2013) (upholding the enforcement of local page limits on habeas brief); *Seymour v. Walker*, 224 F.3d 542, 551 (6th Cir. 2000), *cert. denied*, 532 U.S. 989 (2001) (rejecting argument that state court page limits excused failure to exhaust federal habeas claim); *Weeks v. Angelone*, 176 F.3d 249, 271-72 (4th Cir. 1999), *aff'd*, 528 U.S. 225 (2000) (reasoning that 50-page limit for briefs on direct appeal merely limited the manner in which petitioner could present his arguments and did not wholly prevent him from presenting them); *Watts v. Thompson*, 116 F.3d 220, 224 (7th Cir. 1997) (holding that application of page limit for appeal to original proceedings in state court did not violate taxpayer's constitutional rights); *Pinnell v. Belleque*, 638 F. Supp.2d 1231, 1258 (D. Or. 2009) (finding 150-page briefing limit for post-conviction death penalty proceedings in state court reasonable and generous); *Barnes v. Dretke*, No. 7:03cv081-R, 2006 WL 229015, *3 (N.D. Tex. Jan. 31, 2006) (Buchmeyer, J.) (upholding page limits on state habeas petition in death penalty case). Contrary to Snarr's stated rationale, nothing in the *Rules Governing Section 2255 Proceedings for the United States District Courts*, the Federal Rules of Civil Procedure, or the Constitution of the United States creates a protected liberty or property interest in unlimited briefing or unlimited page limits for pleadings filed in a federal habeas corpus proceeding.

It is the court's experience that the quality of a federal habeas corpus petition, especially in the context of capital habeas litigation, is almost universally inversely proportional to its length. Prolixity and verbosity are the death knells for otherwise potentially meritorious claims of habeas corpus relief. Snarr's objections fail to provide a basis to justify additional briefing and certainly do not show how the magistrate judge's Order is clearly erroneous or contrary to law. There was

absolutely nothing unreasonable, much less unconstitutional, with the magistrate judge's Order setting forth a 270-page limit on Snarr's amended Section 2255 motion in this cause.

The court notes that Snarr's proffer (#122-2) is 447 pages, excluding cover sheet, tables, certificates of services, and exhibits — and is 78 pages longer than the proposed 369 pages that Snarr requested to file in Docket Entry No. 116. The court further notes that Snarr again raised new grounds for relief in his proffer that were not raised in his original or initial Section 2255 motion. (#23) His new grounds for relief raised for the first time in his proffer would be barred by the AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d)(1), and he does not set out any basis for equitable tolling in the proffer for the newly raised grounds for relief. *See Petty*, 530 F.3d at 364 (holding that the AEDPA is not jurisdictional and, therefore, is subject to equitable tolling). Snarr's proffer suggests prolixity and verbosity and does not establish that the magistrate judge's January 6, 2022 Order is clearly erroneous or contrary to law.

The court therefore finds, that after a careful *de novo* review of these objections, the magistrate judge's January 6, 2022 Order (#118) is neither clearly erroneous nor contrary to law and Snarr's objections and proffer lack merit. It is accordingly

**ORDERED** that Movant Snarr's Objections to the Magistrate Judge's January 6, 2022 Order and Proffer (#121) are **OVERRULED**.

SIGNED at Beaumont, Texas, this 11th day of May, 2022.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

6