IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MARK ISAAC SNARR | § | |
| | § | |
| V. | § | Civil No. 1:13-CV-724 |
| | § | Criminal No. 1:09-CR-15(1) |
| UNITED STATES OF AMERICA | § | |

**RESPONSE TO JOINT MOTIONS FOR DISCOVERY**

Movants Edgar Baltazar Garcia and Mark Isaac Snarr have each filed a "Joint Motion and Incorporated Memorandum for Leave to Conduct Discovery Regarding Recusal." The motions are peripherally related to a jury-selection issue that was initially raised in movants' Section 2255 motions, both of which were filed in 2015, and further fleshed out in their amended Section 2255 motions filed in November 2021 (Garcia) and January 2022 (Snarr). The government filed amended responses to the Section 2255 motions in February 2022 (Garcia) and April 2022 (Snarr). Garcia replied in June 2022, and Snarr replied in July 2022.

On January 25, 2023, movants filed motions urging the Court to recuse itself and reassign the case to another district. In separate motions for discovery, movants seek "leave to issue subpoenas to and conduct depositions of David Maland, Beth Harper, Terri Splawn, and Michael Sutera" regarding a broad range of issues solely related to the motions to recuse, including—among other things—communications they may have had with the Court and other judges. Movants further ask the Court to make "voluntary disclosure" of the same information. The government opposes discovery simply to support the motions to recuse.

### I. Legal Standards

In an order denying some of Garcia's previous motions for discovery, the Court laid out

the procedure for considering Section 2255 motions:

> Garcia's motions are governed by the Rules Governing Section 2255 Cases. The Rules provide for the orderly progression of § 2255 proceedings. Rule 3 provides for the filing of the motion and service. Rule 4 provides for a preliminary consideration of the motion by a court. If a motion is not dismissed at that juncture, then Rule 5 provides for an answer and reply. The court will then review the answer and reply to determine whether the case should proceed. If the motion is not dismissed at that juncture, then Rule 6 provides for discovery. Discovery is permitted only on a showing of good cause.

Garcia 2255 ECF Doc. 79, p. 1.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). As the Court noted above, Rule 6 provides that a "judge may, *for good cause*, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law," but the "party requesting discovery must provide reasons for the request" and the "request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rules Governing Section 2255 Cases 6(a) and (b) (emphasis added). These requirements apply in Section 2255 proceedings from capital cases:

> "A federal habeas court must allow discovery and an evidentiary hearing *only* where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief...." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994). *Conclusional allegations are insufficient to warrant discovery*; the petitioner must set forth specific allegations of fact. *Id.* (citing *Willie v. Maggio*, 737 F.2d 1372 (5th Cir.1984)).

*United States v. Webster*, 392 F.3d 787, 801-02 (5th Cir. 2004) (emphasis added) (denial of request for certificate of appealability).

In another federal capital case, the Fifth Circuit made clear that "fishing expeditions" are not permitted under the guise of discovery:

2

A petitioner demonstrates "good cause" under Rule 6(a) "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Bracy*, 520 U.S. at 908-09.... We have noted that Rule 6 of the Rules Governing § 2254 petitions "does not authorize fishing expeditions." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994). "[T]he district court's decision regarding the availability of discovery is ... committed to the sound discretion of the district court, and is reviewed under the abuse of discretion standard." *Clark v. Johnson*, 202 F.3d 760, 765-66 (5th Cir. 2000).

*United States v. Fields*, 761 F.3d 443, 478-79 (5th Cir. 2014), *as revised* (Sept. 2, 2014).

## II. Movants' Fail to Show Good Cause for Discovery

**A.**     **Movants' motions for discovery should be denied because they relate to a matter that is peripheral to the substantive issues raised in their Section 2255 motions.**

As an initial matter, movants' motions for discovery should be denied because they do not fall within the structure for analyzing Section 2255 motions, outlined above, and they do not relate to a factual dispute that, if resolved in their favor, would entitle them to relief under Section 2255. *See Webster*, 392 F.3d at 801-02 (quoting *Ward*, 21 F.3d at 1367).

Movants seek discovery in two broad areas that relate to their joint motion to recuse, not the substantive issues raised in their Section 2255 motions. Indeed, the headings for their requests are revealing:

- Discovery should be granted for *information tending to show what Judge Crone could reasonably have been expected to have known at the time of trial or would now be reasonably expected to know about the improper jury selection method and the response of court staff to the investigation of the jury selection method.*

- Discovery should be granted for *information tending to show that Judge Crone has a long-standing relationship with court staff Beth Harper, David Maland, and Terri Splawn, and with contractor David Sutera* and his firm.

Garcia Mtn. for Discovery pp. 5, 8; Snarr Mtn. for Discovery pp. 5, 8 (emphasis added).

These requests are designed specifically to ferret out information related to the motions to recuse. The requested information would not support the underlying jury issues raised in

3

movants' Section 2255 motions.  Movants offer no authority supporting discovery related to such peripheral issues, which would not "if resolved in [their favor," entitle them to relief under Section 2255.  *Webster*, 392 F.3d at 801-02.

Moreover, as the Court cogently outlined in its earlier order on discovery, Rule 6 comes into play *after* a court has reviewed the Section 2255 motion, the response, and reply, if any, and determined that some or all of the claims are not subject to dismissal.  *See* Garcia 2255 ECF Doc. 79, p. 1.  Here, the Court is still in the process of determining what, if any, of movants' Section 2255 claims survive dismissal.  Discovery is not warranted at this stage.  And it may never be. As set out next, movants' motions for recusal are not only meritless, they are grounded on a claim that is barred.

**B.** **Movants' motions for discovery should be denied because the motions to recuse to which they relate are both untimely and wholly without merit.**

Movants fail to show good cause for discovery regarding recusal because the motions to recuse to which they relate must be denied, both as untimely and as substantively deficient.

As set out in the government's response to the motions to recuse, "[t]he general rule on timeliness requires that 'one seeking disqualification must do so *at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification.*'"  *United States v. Sanford*, 157 F.3d 987, 988 (5th Cir. 1998) (emphasis added) (quoting *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994)); Garcia 2255 ECF Doc. 169, p. 6; Snarr 2255 ECF 156, p. 6.  But movants did not file their motions to recuse until January 25, 2023, years after they became aware of some of the "facts" they rely on for recusal; more than one year after the date their expert provided information they now rely on; and more than six months after their last replies.  Under these circumstances, no one can seriously argue that the motions to recuse are timely.  Indeed, despite movants' claims that they are "not trying to create

issues where they do not need to arise," Garcia Mtn. for Discovery p. 8; Snarr Mtn. for Discovery p. 8, the motions to recuse appear to be nothing more than a tactic to obtain what, in movants' view, will be a more favorable forum. *See United States v. Pollard*, 959 F.2d 1011, 1031 n.13 (D.C. Cir. 1992) (The court observed that the motion to recuse "may have been designed primarily to force the judge to recuse himself.").

Additionally, discovery related to the motion to recuse is unnecessary because the alleged "facts" regarding how the jury wheel in this case was populated will never be relevant to resolution of movants' Section 2255 motions. The government's amended responses to movants' Section 2255 motions point out that movants' claims under the Jury Service and Selection Act (JSSA) and their fair-cross-section claims are both legally and procedurally barred. Garcia 2255 ECF Doc. 146, pp. 274-87; Snarr 2255 ECF Doc. 134, pp. 29-42. If the Court agrees, issues about how the wheel was populated—or what, if anything, the Court knew about the process—will never be relevant.

Finally, movants' biggest failure in showing good cause lies in their allegations supporting recusal, which are remarkably non-specific and conclusory. *Webster*, 392 F.3d at 801-02 ("Conclusional allegations are insufficient to warrant discovery."). Without repeating all of the arguments in the response to the motion to recuse, movants cannot set out wholly unsupported allegations regarding the conduct of the Court and its staff and then cast about through broad discovery requests, hoping to find some—indeed, *any*—support for those claims. *E.g.*, *Fields*, 761 F.3d at 478-79.

### III. Conclusion

The United States respectfully urges the Court to deny the motions for discovery.

Respectfully submitted,

Brit Featherston
United States Attorney
Eastern District of Texas

/s/ Joseph R. Batte
Joseph R. Batte
Assistant United States Attorney
350 Magnolia, Suite 150
Beaumont, Texas 77701
(409) 839-2538
(409) 839-2550 (fax)
Joe.Batte@usdoj.gov
Texas Bar No. 01918070

/s/ Traci L. Kenner
Traci L. Kenner
Assistant United States Attorney
110 N. College, Suite 700
Tyler, Texas 75702
(903) 590-1400
(903) 590-1439 (fax)
Traci.Kenner@usdoj.gov
Texas Bar No. 11307070

**Certificate of Service**

I certify that on March 8, 2023, this document was served by the Court's ECF system on

Lindsey A. Layer, Megan E. Barnes, and Kathy N. Nester, counsel for Snarr.

/s/ Traci L. Kenner
Traci L. Kenner
Assistant United States Attorney