UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MARK ISSAC SNARR, | ) | |
| Petitioner | ) | Case No. 1:13-CV-724 |
| v. | ) | Criminal No. 1:09-CR-00015 |
| | ) | |
| UNITED STATES OF AMERICA | ) | Judge Marcia A. Crone |
| Respondent | ) | |

---

## REPLY TO PETITIONERS' JOINT MOTION FOR LEAVE TO CONDUCT DISCOVERY REGARDING RECUSAL

---

Mr. Snarr, through counsel, hereby replies to the government's response to his motion for discovery related to his simultaneously filed Joint Motion for Recusal of Judge Crone. (ECF No. 157.) Mr. Snarr has established good cause for his requests, in that he has shown that if the facts are developed as requested, he may be able to demonstrate that he is entitled to the relief sought. *See Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000). The government's arguments to the contrary are without merit.

### ARGUMENT

### I. This Court has discretion to grant the requested discovery

The government argues that the Court should not grant discovery because the discovery is not related to a claim on which Mr. Snarr could obtain relief under 28 U.S.C. § 2255. (ECF No. 157 at 3.) This argument is unavailing. First, as discussed in the Joint Motion for Recusal and the related discovery motion, the discovery requested is related to Claim I of Mr. Snarr's Amended Petition. (*See* ECF No. 146 at 3, 13; ECF No. 150 at 6.)

Second, in *Ward v. Whitley*, on which the government relies, the Fifth Circuit stated that a "federal habeas court *must* allow discovery and an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief[.]" 21 F.3d 1355, 1367 (5th Cir. 1994) (emphasis added); *see also Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (duty to order discovery if claims are specific, not merely speculative or conclusory). Nothing in the Fifth Circuit's decision in *Ward* takes away the

1

district court's discretion to grant discovery in other circumstances, where a movant establishes good cause to do so. *See Bracy*, 520 U.S. at 909 ("Rule 6(a) makes it clear that the scope and extent of [habeas] discovery is a matter confided to the discretion of the district court." (cleaned up)).

Rule 6 states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." § 2255 Rule 6(a). Nothing in the language of the rule suggests that a movant should be prohibited from obtaining discovery on an issue that, even if not the explicit subject of a claim, is nonetheless relevant to the disposition of the § 2255 motion. For example, a movant might seek discovery where there is good cause to support allegations that a party in the present proceedings, such as a government attorney, is working under a conflict of interest. Such an allegation would not be the subject of a § 2255 claim, but would nonetheless be essential to resolve accurately in order to ensure the § 2255 proceedings comport with Due Process. Similarly, to suggest that Mr. Snarr cannot prove the basis for recusal, (*see, e.g.*, ECF No. 156 at 13–14, 16–17), while simultaneously denying access to the information necessary to do just that, would defeat any appearance of transparency and place petitioners in an impossible catch-22. The government has not cited any caselaw that suggests this is the outcome contemplated by Rule 6.

## II.    Respondent's other arguments are without merit

The government suggests that the current discovery motion should be addressed after the court addresses the petition, response, and reply. (ECF No. 157 at 4.) But given that the discovery requested is related to a motion for recusal, requiring the court to engage in reviewing the entire briefing in the case before deciding the recusal motion would be inefficient and potentially waste judicial resources.

The government further argues that facts about how the wheels were populated may "never be relevant" because the government argues that the claims are procedurally barred. (ECF No. 157 at 5.) But Mr. Snarr has moved to recuse Judge Crone on the basis that a reasonable observer would harbor doubts about Judge Crone's ability to preside over the claim impartially, due to her intimate involvement in the assembly of the venire and the need for the presiding judge to make factual determinations and credibility assessments regarding the actions and intentions of court staff. Thus, as Movants point out in their Joint Motion to Recuse, even the Court's determination of whether the claims are procedurally

barred would be subject to the appearance of impartiality. (ECF No. 146 at 1–2, 13–14.)

Finally, the government claims that Mr. Snarr's allegations are "non-specific and conclusory." (ECF No. 157 at 5.) Contrary to the government's assertions, Mr. Snarr raised specific and well-supported allegations, (*see, e.g.* ECF No. 146 at 3–11), and seeks discovery only to the extent that there is relevant information that petitioners have no other means to access.

## CONCLUSION

For the foregoing reasons, Mr. Snarr respectfully requests that the Court grant his motion for leave to conduct discovery.

Respectfully Submitted,

*/s/ Lindsey Layer*

Jon M. Sands
Federal Public Defender
Lindsey Layer (VA No. 79151)
Megan Barnes (SC No. 104368)
Assistant Federal Public Defenders
850 W. Adams St., Suite 201
Phoenix, AZ 85007
lindsey_layer@fd.org
megan_barnes@fd.org
(602) 382-2816 Telephone
(602) 889-3960 Facsimile

Kathryn Nester
Nester Lewis PLLC
50 W. Broadway, Suite 300
Salt Lake City, UT 84101
kathy@nesterlewis.com
(801) 535-5375 Telephone

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

/s/ Daniel Juarez
Assistant Paralegal