IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARK ISAAC SNARR, #11093-081 | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:13-cv-724 |
| | | CRIM. NO. 1:09-CR-00015(1) |
| UNITED STATES OF AMERICA | § | |

**O R D E R**

Before the court is Movant Snarr's Unopposed Motion for Leave to Exceed Page Limit (Doc. #168) to Opposed Motion for Discovery (Doc. #170) and his Unopposed Motion to Seal Motion for Discovery (Doc. #169).   Snarr's Opposed Motion for Discovery is 25-pages, excluding certificates and exhibits,, exceeding the length rule for non-dispositive motions by 10 pages.   Local Rule CV-7(a)(2).[1]

As good cause for his Opposed Motion for Discovery, Snarr declares that his Amended Section 2255 Motion (Doc. #123) is 271 pages and contains 28 claims for relief.   Based on his Amended Section 2255 Motion, he asserts that his Opposed Motion for Discovery is necessarily complex and voluminous.   Snarr has not cited any reasons that are different from other cases that are similar in nature.

Snarr must demonstrate "good cause" to conduct discovery, which requires that "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully

---

[1]  Local Rule CV-7(a)(2) states in relevant part:

> Non-dispositive motions shall not exceed fifteen pages, excluding attachments, unless leave of court is first obtained.   Likewise, responses to such motions shall not exceed fifteen pages, excluding attachments, unless leave of court is first obtained.

developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (internal quotations omitted). Snarr, however, is not entitled to conduct discovery pertaining to matters that are untimely, even if contained in his Amended Section 2255 Motion (Doc. #123), as he would not be entitled to relief. Fed. R. Civ. P. 15(c); *Mayle v. Felix*, 545 U.S. 644, 649-50, 654-63 (2005); *United States v. Gonzalez*, 592 F.3d 675, 679-80 (2009); *United States v. Saenz*, 282 F.3d 354, 355-56 (5th Cir. 2002).

Federal Rule of Civil Procedure 15(c)(1)(B) provides that a claim raised in an amended pleading relates back to the original pleading only when the claim "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." In *Mayle v. Felix*, the Supreme Court held that "[a]n amended habeas petition … does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." 545 U.S. at 650. The Court reasoned that "[i]f claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id*. at 662.

Considering the limitations of Rule 15(c)(1)(B) and the Supreme Court's holding in *Mayle v. Feliz*, a request for excess pages is reasonable in light of the procedural posture of the case; however, 25 pages is excessive. Neither the Constitution nor the ABA Guidelines require federal habeas counsel to raise every non-frivolous ground that might be raised. *Cf. Smith v. Robbins*, 528 U.S. 259, 288 (2000) (holding that appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."). It is therefore,

**ORDERED** that Movant Snarr's Unopposed Motion for Leave to Exceed Page Limit (Doc. #168) is **GRANTED in part** and **DENIED in part**.   Snarr is granted permission to file an Opposed Motion for Discovery that does not exceed 19 pages in length, excluding cover sheet, tables, certificate of service, and exhibits. It is

**ORDERED** that the Clerk of Court shall **STRIKE** Docket Entry #170 from the record. It is further

**ORDERED** that Movant Snarr's Unopposed Motion to Seal Motion for Discovery (Doc. #169) is **DENIED** as **MOOT**.

**SIGNED this the 9th day of May, 2024.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE