UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MARK ISSAC SNARR, | ) | |
| Petitioner/Movant, | ) | CASE NO: 1:13-CV-724 |
| | ) | CRIMINAL NO: 1:09-CR-15 |
| | ) | |
| v. | ) | Death Penalty Case |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**PETITIONER'S RESPONSE TO COURT'S DECEMBER 28, 2024 ORDER**

On December 23, 2024, President Joseph R. Biden, Jr., commuted Mark Issac Snarr's death sentence to life without the possibility of parole, "leaving intact and in effect… all other conditions and components of the sentences." (ECF 176 at 1.) Shortly thereafter, this Court directed Mr. Snarr to respond to this commutation by noting which claims "present a live case or controversy or are not moot," or to "file a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)." (ECF 177 at 2.)

"A case becomes moot… only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (internal quotations marks and citations omitted). A presidential commutation may moot certain cases; for example, "a sentencing commutation that releases an individual challenging *only* his sentence" would moot the remainder of the individual's claims, as they would relate exclusively to the sentence imposed and would make granting relief "impossible." *Dennis v. Terris*, 927 F.3d 955, 960–61 (6th Cir. 2019) (emphasis added). But that is not the case here, where Mr. Snarr has raised claims under 28 U.S.C. § 2255 that challenge the underlying

conviction for first-degree murder. *Id.*

The Court specifically requested Mr. Snarr to review his claims "under *Surratt*, 855 F.3d 218," (ECF 177 at 2). *Surratt*, however, is not instructive in this circumstance.[1] Surrat's claims were related exclusively to his sentencing, as he sought to correct his mandatory life sentence based on an erroneously construed sentencing guideline. *See United States v. Gibbs*, 905 F.3d 768, 769 (4th Cir. 2018) (describing the factual and procedural history of *Surratt*). Thus *Surratt* only addressed the question of whether a commutation mooted a challenge to the unlawfulness of the sentence. *See United States v. Barber,* 409 F. Supp. 3d 542, 545 (W.D. Va. 2019); *United States v. Dodd*, 372 F. Supp. 3d 795, 799 (S.D. Iowa 2019).[2] But where, as here, an individual does "not seek relief based on a prior version of his sentence," he is "eligible for relief even after his commutation, and his case is not moot." *Dodd*, 372 F. Supp. 3d at 799.

---

[1] As the Sixth Circuit noted in reviewing *Surratt*, "It's not easy to discern why the Fourth Circuit did what it did. The court's order is two sentences long and provides no analysis. There is one reasoned opinion going one way and one reasoned opinion going the other way. No other members of the court joined either opinion." *Terris*, 927 F.3d at 960. Other courts have taken issue with *Surratt*. *See United States v. Mitchell*, No. CR 05-00110 (EGS), 2019 WL 2647571, at *6 (D.D.C. June 27, 2019) (quoting *United States v. Surratt*, 855 F.3d 218, 219 (4th Cir. 2017) (en banc)) (*Surratt's* conclusion that petitioner was "'no longer serving a judicially imposed sentence'" was "inconsistent with Supreme Court precedent"); *United States v. Biggs,* No. 05 CR 316, 2019 WL 2120226, at *3 (N.D. Ill. May 15, 2019) ("*Surratt* ill fits this case for other reasons: the reasoning the government cites comes from a one-judge concurrence rather than the majority, [*Surratt*, 855 F.3d] at 219–20 (Wilkinson, J., concurring), and as *Surratt's* dissent observes, the Seventh Circuit disagrees with *Surratt's* conclusion").

[2] Courts citing *Surratt* to dispose of an individual's habeas petition in the wake of an executive commutation only do so when the individual has exclusively raised sentencing-related claims. *See Blount v. Clarke,* 890 F.3d 456, 458 (4th Cir. 2018) (under *Surratt*, claim that "under *Graham*, his sentence of six life terms plus 118 years' imprisonment for nonhomicide offenses violated the Eighth Amendment" was rendered moot by executive commutation of sentence to 40 years); *United States v. Yates*, 690 F. App'x 835, 836 (4th Cir. 2017) (per curiam) ("Yates seeks to appeal the district court's order denying his motion for a sentence reduction… The commutation renders Yates' appeal moot."); *Traylor v. Knight*, No. 0:21-CV-150-BHH, 2021 WL 5359281, at *1 (D.S.C. Nov. 17, 2021), aff'd, No. 22-6647, 2023 WL 356035 (4th Cir. Jan. 23, 2023) ("[T]he President's commutation renders moot Petitioner's claim that his original sentence is unlawful").

2

Mr. Snarr raised a variety of claims in his Amended Motion For Collateral Relief Pursuant To 28 U.S.C. § 2255 (ECF 123) that relate exclusively or in part to his guilt-phase proceedings and challenge his underlying conviction for first-degree murder. Because it is not "impossible for a court to grant any effectual relief [whatsoever]" on these claims, *Campbell-Ewald Co.*, 577 U.S. at 161, they survive the presidential commutation of his death sentence and have not been rendered moot. Mr. Snarr does not withdraw these claims. These include:

- **Claim IA[3]**
- **Claim IB**
- **Claim IIA**
- **Claim III**
- **Claim IIM**

- **Claim IIP**
- **Claim IIQ**
- **Claim IIIH**
- **Claim IIIJ**

Mr. Snarr withdraws the remaining claims raised in his Amended § 2255 Motion that relate to the imposition of the death sentence. Specifically, Mr. Snarr withdraws:

- **Claim IIB**
- **Claim IIC**
- **Claim IID**
- **Claim IIE**
- **Claim IIF**
- **Claim IIJ**
- **Claim IIK**
- **Claim IIL**
- **Claim IIO**
- **Claim IIIA**

- **Claim IIIB**
- **Claim IIIC**
- **Claim IIIE**
- **Claim IIIF**
- **Claim IIIG**
- **Claim IIII**
- **Claim IIIK**
- **Claim IV**

---

[3] Because Mr. Snarr's Amended § 2255 Motion is filed under seal, only the claim numbers are listed here.

RESPECTFULLY SUBMITTED,


*/s/ Lindsey Layer*
Lindsey Layer
Megan Barnes
Federal Public Defender, District of Arizona
250 North 7th Avenue, Suite 600
Phoenix, Arizona 85007
Lindsey_Layer@fd.org
Megan_Barnes@fd.org


Kathryn N. Nester
Nester Lewis PLLC
50 W. Broadway, Suite 300
Salt Lake City, Utah 84101
(801) 535-5375
kathy@nesterlewis.com

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of March, 2025, I sent a true and correct copy of the foregoing instrument, using the Court's CM/ECF system, which will send notice of the electronic filing to all parties.

<u>s/Oscar Lopez</u>
Assistant Paralegal